NO. 07-08-0398-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 3, 2009

_____

JESSIE PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B14364-0203; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Jessie Perez, pled true to the State's allegations in its Motion to Revoke Community Supervision and was sentenced to confinement for two years and fined $2,000. In a single point of error, Appellant contends the trial court erred by entering a written judgment, in conflict with the oral pronouncement of sentence, which stated in relevant part

that "[t]he sentence in this case shall run and be satisfied before the sentence in Cause No. B17679-0806 shall begin." We affirm.

**Background**

In March 2002, Appellant was indicted by a Hale County Grand Jury for intentionally or knowingly possessing a controlled substance, cocaine, in the amount of less than one gram. In May 2002, Appellant pled guilty pursuant to a plea bargain which included deferred adjudication. In June 2002, he was sentenced to deferred adjudication and placed on community supervision for five years with conditions and fined $1,000.

In August 2003, the State filed a motion to proceed with an adjudication of guilt alleging that Appellant had violated the conditions of his deferred adjudication. The trial court held a hearing and Appellant pled true to the State's allegations in its motion. Finding that Appellant violated the conditions of his community supervision, the trial court found him guilty of the offense of possession of a controlled substance as charged in the March 2002 indictment, suspended the sentence of imprisonment for two years, fined him $2,000, and placed him on community supervision for five years with conditions.

In August 2008, the State filed a motion to revoke his community supervision alleging that Appellant had violated his conditions of community supervision by committing forgery, using cocaine, failing to pay court costs, attorney's fees ,and restitution on a monthly basis. Appellant stipulated to the State's allegations.

2

On September 22, 2008, the trial court held a hearing on the State's motion and the following exchange occurred, in pertinent part, as follows:

> COURT: Next is B14364, the State versus Jessie Perez. The record will show that the State is present by its assistant district attorney. Mr. Perez is present together with counsel. This is a hearing on a motion to revoke community supervision. Are the parties ready?
>
> STATE: The State is ready, Your Honor.
>
> DEFENSE: The defendant is present and ready, your Honor. We also have a guilty plea.
>
> COURT: Well, we're taking these one at a time. We're not trying them together.
>
> DEFENSE: Yes sir.
>
> COURT: All right. Mr. Perez, in this case there's been filed a Motion to Revoke your probation, alleging that you violated certain rules of your probation. Do you understand those allegations?
>
> DEFENDANT: Yes, Your Honor.
>
> COURT: What is your plea to those allegations? Are they true or not?
>
> DEFENDANT: They're true, Your Honor.
>
> *    *    *
>
> COURT: All right. Mr. Perez, based on your plea of true and the evidence presented, I find that you have violated the terms of your probation at this time, imposing the sentence originally imposed in this case, which was two years confinement in a state jail facility, assess a $2,000 fine, the court costs and attorney's fees. Now, Mr. Perez, do you have any legal reason that sentence should not be pronounced against you at this time?
>
> DEFENDANT: No sir.

3

COURT: It's the sentence of the Court, then, that you be confined for two years in a state jail facility, pay a $2,000 fine, pay the court costs and attorney's fees incurred. With that, on this case, I will remand you to the custody of the sheriff for the completion of that sentence. . . . Thank you. We're adjourned on that case.

Thereafter, the trial court entered an order to the sheriff indicating that Appellant had received two years confinement in action No. B14364-0203. Also on September 22, the trial court entered its judgment revoking Appellant's community supervision and imposing the punishment originally assessed in August 2003, i.e., two years confinement with a fine of $2,000. At the end of the judgment, the trial court stated "[t]he sentence in this case [Cause No. B14364-023] shall run and be satisfied before the sentence in Cause No. B17679-0806 shall begin." This appeal followed.

**Discussion**

Appellant asserts the sentence orally pronounced at the hearing on September 22 conflicts with the sentence he received in the trial court's written judgment. Because the trial court did not indicate he would be receiving consecutive sentences at the hearing, Appellant asserts that the final statement in the trial court's judgment should be stricken. In support, Appellant cites *Ex parte Madding*, 70 S.W.3d 131 (Tex.Crim.App. 2002) and *Beedy v. State*, 250 S.W.3d 107 (Tex.Crim.App. 2008).

4

A defendant's sentence[1] must be pronounced orally in his presence. Tex. Code Crim. Proc. Ann. art. 42.03 § 1. (a) (Vernon 2006).[2] *See Taylor v. State*, 131 S.W.3d 497, 500 (Tex. 2004). The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement. Art. 42.01, § 1. *See Madding*, 70 S.W.3d at 135. When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500; *Thompson v. State*, 108 S.W.3d 287, 290 (Tex.Crim.App. 2003); *Madding*, 70 S.W.3d at 135; *Coffey v. State*, 979 S.W.2d 326, 328 (Tex.Crim.App. 1998). *See Aguilar v. State*, 202 S.W.3d 840, 843 (Tex.App.–Waco 2006, pet. ref'd).

In *Madding*, the trial court pronounced defendant's sentence orally in court–confinement for seventeen years. 70 S.W.3d at 132-33. Thereafter, the prosecutor asked whether the trial court was going to cumulate the sentence with some other unspecified sentence and the trial court responded: "I will let it run concurrently." The trial court subsequently issued a written judgment stating that the seventeen year sentence would run consecutively to another conviction. 70 S.W.3d at 133. Relying upon the due process clause, the *Madding* Court ordered that the written judgment be corrected to reflect

---

[1]Article 42.02 of the Texas Code of Criminal Procedure states as follows:

The sentence is that part of the judgment, . . . that orders that the punishment be carried into execution in the manner prescribed by law.

Tex. Code Crim. Proc. Ann. art. 42.02 (Vernon 2006).

[2]For convenience, citations to the Code of Criminal Procedure throughout the remainder of this opinion will be simply as "article ____" or "art. ____."

that the seventeen year sentence was to run concurrently with the other sentence. *Id.* at 136-37.

Unlike *Madding*, here, there is no conflict between the trial court's oral pronouncement of Appellant's sentence and its written judgment. At the outset of the hearing, the trial court makes clear that it is *only* hearing the State's motion to revoke, Cause No. B14364-0203. Following Appellant's plea, the trial court sentenced Appellant to two years confinement and a fine of $2,000–the same sentence that was originally suspended in March 2003. The trial court made no representation whether the sentence would run concurrent or consecutive with any other sentence. In fact, at the time sentence was imposed, there was no other sentence for this sentence to run consecutive to or concurrent with.[3] Further, at the conclusion of the hearing, the trial court remanded Appellant "to the custody of the sheriff *for the completion of that sentence*." (Emphasis added). The trial court was clear that Appellant would be serving two years confinement. The trial court's subsequent written judgment did no more than require that he complete the sentence he received during the hearing of Cause No. B14364-0203 before he began serving the sentence he subsequently received in Cause No. B17679-0806.

Likewise, *Beedy, supra*, is of no assistance to Appellant. In *Beedy*, the Court of Criminal Appeals agreed when the court of appeals held that the trial judge erred in ordering

---

[3]Ostensibly, the plea referred to by Appellant's counsel at the outset of the hearing on the State's motion to revoke Appellant's community supervision was a plea of guilty to the forgery charge alleged in the State's motion to revoke. We have no way of knowing, however, because the record contains no information on Cause No. B17679-0806.

6

Beedy's deferred adjudication community supervision term to begin after his prison sentence was ended. 250 S.W.3d at 108, 114. Because adjudication was deferred, Beedy had not been adjudicated guilty and therefore had not been convicted. *Id.* at 114. Here, Appellant was adjudicated guilty in August 2003 and his sentence was suspended in lieu of community supervision for five years and a $2,000 fine.

There being no conflict or variance between the oral pronouncement of Appellant's sentence and the trial court's written judgment, Appellant's single contention is overruled.

## Conclusion

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.