

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NOS. PD-1224-06 AND PD-1225-06

**ARNOLD RAY BEEDY, Appellant**

v.

**THE STATE OF TEXAS**

ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW
FROM THE FIRST COURT OF APPEALS
BRAZORIA COUNTY

KEASLER, J., delivered the opinion of the Court in which MEYERS, PRICE, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. KELLER, P.J., WOMACK, and JOHNSON, JJ., concurred.

## O P I N I O N

The court of appeals held that the trial judge erred in ordering Arnold Ray Beedy's

deferred adjudication community supervision term to begin after his prison sentence ended.[1]

The court deleted the cumulation order.[2] We hold that the court of appeals did not err in

---

[1] *Beedy v. State*, 194 S.W.3d 595, 602 (Tex. App.—Houston [1st Dist.] 2006).

[2] *Id.* at 603.

rejecting the State's proposal to remand for resentencing because an unlawful cumulation order does not constitute "reversible error" under Article 44.29, Texas Code of Criminal Procedure.

## Procedural Background

In a single proceeding, Beedy entered two open guilty pleas to two counts of indecency with a child by exposure. He also pled true to an enhancement paragraph alleging a prior conviction for sexual assault of a child. The trial judge sentenced Beedy to twelve years' imprisonment on Count One, deferred adjudication of guilt on Count Two, and ordered Beedy to serve ten years of community supervision. As to Count Two, the trial judge entered a cumulation order stacking Beedy's deferred adjudication community supervision term onto Beedy's prison sentence for Count One.[3]

## Court of Appeals

Beedy appealed, arguing that the trial judge abused his discretion by stacking his ten-year deferred adjudication community supervision term onto his twelve-year prison sentence.[4] The court of appeals agreed and held that the cumulation order was improper because deferred adjudication community supervision is not a "conviction" for purposes of the statutes authorizing cumulation, Texas Penal Code Section 3.03(c) and Texas Code of

---

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon 2006); TEX. PENAL CODE ANN. § 3.03(c) (Vernon 2003).

[4] *Beedy*, 194 S.W.3d at 596.

Criminal Procedure Article 42.08(a).[5] The court then considered the appropriate remedy.[6] In doing so, the court rejected the State's argument that the case should be remanded for a new punishment hearing on Count Two.[7] Relying on our precedent, the court held: "The proper remedy for a void cumulation order is to reform the judgment to delete the cumulation order."[8] In deleting the cumulation order, the court ordered Beedy's prison sentence and term of community supervision to run concurrently.[9] The court reasoned, "This disposition is appropriate because the decision to stack comes after the decision . . . to adjudicate or not to adjudicate guilt and to assess punishment if guilt is decreed."[10]

**State's Petition for Discretionary Review**

The State petitioned us for review, and we granted review to resolve the following issue:

> If the trial court assesses punishment and imposes a cumulation order that an appellate court later determines is improper, should the order be deleted or is the correct remedy to remand the cause to the trial court for resentencing in order to ensure that the trial court is able to assess the level of punishment originally intended?

---

[5] *Id.* at 602.

[6] *Id.* at 602-03.

[7] *Id.* at 602-03.

[8] *Id.* at 603 (citing *Robbins v. State*, 914 S.W.2d 582, 584 (Tex. Crim. App. 1996); *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992)).

[9] *Id.*

[10] *Id.*

The State claims that when a trial judge assesses punishment and enters an improper cumulation order, the error should be remedied by remanding the case to the trial judge for resentencing. The State maintains that the deletion of an improper cumulation order penalizes the trial judge for making a mistake and that it strips the trial judge of his or her discretion to fashion a punishment that approximates, as closely as possible, the punishment that was originally intended.

The State contends that by deleting the improper cumulation order in this case, the court of appeals decreased the trial judge's oversight of Beedy by ten years. According to the State, the trial judge may have chosen a different punishment if he had known that cumulation was improper. And proceeding under the assumption that the trial judge would want to cumulate, the State contends that, if Count Two were remanded for the reassessment of punishment, the trial judge will have to find Beedy guilty before assessing punishment. Continuing, the State suggests that the trial judge may decide to place Beedy on community supervision after adjudicating him guilty and probating his sentence.

Beedy argues that the State's position conflicts with our precedent and submits that there is no good reason to overrule it. Beedy further contends that the State's assertion that the trial judge may have chosen a different punishment had he known cumulation was improper invites speculation.

**Analysis**

The Legislature has assigned the task of cumulating sentences exclusively to the trial

judge.[11] In some cases, the trial judge is required to cumulate individual punishment, while in other cases, the trial judge's decision to cumulate is discretionary.[12] Like the assessment of individual punishment, a trial judge's decision to cumulate under Texas Code of Criminal Procedure, Article 42.08(a), is "a normative, discretionary function that does not turn on discrete findings of fact."[13] As a result, when a trial judge lawfully exercises the option to cumulate, that decision is unassailable on appeal.[14] But when a trial judge unlawfully enters a cumulation order in a case that did not involve a negotiated plea agreement, the appellate court, according to our precedent, will reform the judgment by deleting the order.[15]

By questioning this well-established remedy, the State's ground for review requires us to decide whether an unlawful cumulation order can be remedied by a reversal. To resolve this question, we turn to Article 44.29 of the Texas Code of Criminal Procedure. Although we have never discussed the role of Article 44.29 when setting aside an unlawful cumulation order, our precedent applying this remedy makes clear that we have never interpreted

---

[11] TEX. CODE CRIM. PROC. ANN. art. 42.08; TEX. PENAL CODE ANN. § 3.03; *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006).

[12] TEX. CODE CRIM. PROC. ANN. art. 42.08; TEX. PENAL CODE ANN. § 3.03; *Barrow*, 207 S.W.3d at 380.

[13] *Barrow*, 207 S.W.3d at 380.

[14] *Id.* at 381.

[15] *Ex parte Madding*, 70 S.W.3d 131, 137 (Tex. Crim. App. 2002); *Robbins*, 914 S.W.2d at 584; *LaPorte,* 840 S.W.2d at 415; *Ex parte Vasquez*, 712 S.W.2d 754, 755 (Tex. Crim. App. 1986). *But see Ex parte Sims*, 868 S.W.2d 803, 804-05 (Tex. Crim. App. 1993); *Ex parte Guerrero*, 521 S.W.2d 613, 613-15 (Tex. Crim. App. 1975).

"reversible error" under Article 44.29 to encompass an unlawful cumulation order.

Article 44.29 is titled "Effect of reversal."[16] As enacted by the Fifty-Ninth Legislature in 1965, Article 44.29 stated: "Where the Court of Criminal Appeals awards a new trial to the defendant, the cause shall stand as it would have stood in case the new trial had been granted by the court below."[17] In 1981, after the courts of civil appeals became courts of appeals and were given jurisdiction over criminal law matters, the Legislature amended 44.29 to include courts of appeals.[18] As amended, Article 44.29 provided: "Where the court of appeals or the Court of Criminal Appeals awards a new trial to the defendant, the cause shall stand as it would have stood in case the new trial had been granted by the court below."[19] We interpreted Article 44.29 to mean that when an appellate court concluded that reversible error occurred during either phase of a trial and the jury had assessed punishment, the defendant was entitled to a complete new trial on remand.[20] We rendered this interpretation because, under Article 37.07, Texas Code of Criminal Procedure, a defendant was required

---

[16]T EX. CODE CRIM. PROC. ANN. art. 44.29 (Vernon 2006); *see also* Acts 1965, 59th Leg., ch.722, eff. Jan. 1, 1966.

[17] Acts 1965, 59th Leg., ch.722, eff. Jan. 1, 1966.

[18] Acts 1981, 67th Leg., ch. 291, § 137, eff. Sept. 1, 1981.

[19] *Id.*

[20] *Carson v. State*, 6 S.W.3d 536, 538 (Tex. Crim. App. 1999) (citing *Bullard v. State*, 548 S.W.2d 13, 18 (Tex. Crim. App. 1977)).

to have the same jury determine guilt and assess punishment.[21]  Article 44.29, therefore, permitted a remand limited to the reassessment of punishment only where the trial judge assessed punishment.[22]

In 1987, the Legislature made significant changes to Article 44.29 by creating subsections (a) and (b).[23]  The text of subsection (a), which has remained unchanged since 1987, describes the effect of a reversal by an appellate court based on an error made during the guilt phase only or errors made at both the guilt and punishment phases.[24]  Under subsection (a), when a new trial is granted "the cause shall stand as it would have stood in case the new trial had been granted by the court below."[25]  Subsection (b) permitted, for the first time, a remand for the limited purpose of reassessment of punishment when an appellate court determined that there was reversible error at the punishment phase and the jury assessed punishment.[26]  When a new trial was granted under subsection (b), the trial court was directed to "commence the new trial as if a finding of guilt had been returned and proceed to the

---

[21]  *Id.* at 539 (citing *Ellison v. State*, 432 S.W.2d 955, 957 (Tex. Crim. App. 1968)).

[22]  *Saldana v. State*, 826 S.W.2d 948, 949-50 (citing *Bullard v. State*, 548 S.W.2d 13, 18 (Tex. Crim. App. 1977)).

[23]  Acts 1987, 70th Leg., ch. 179, § 1, eff. Aug. 31, 1987.

[24]  *Id.*

[25]  *Id.*

[26]  *Saldana*, 826 S.W.2d at 950 (citing Acts 1987, 70th Leg., Ch. 179, § 1, eff. Aug. 31, 1987).

punishment stage of the trial under Subsection (b), Section 2, Article 37.07, of this code."[27]

At that time, the court was required to empanel a jury to assess punishment if the defendant so elected.[28] Except for the addition of a clause that makes subsection (b) inapplicable to death sentences, the text of subsection (b) has remained unchanged since 1987.[29]

We considered the applicability of Article 44.29(b) to remedy a lawful but insufficient restitution order entered as a condition of community supervision in *Barton v. State*.[30] There, we granted review to determine whether the Fourteenth Court of Appeals erred in holding that Article 44.29(b) superceded the remedy we announced in *Cartwright v. State* in 1980.[31] In *Cartwright*, we held that when the record is insufficient to support the amount of restitution ordered as a condition of probation, the proper remedy is to remand the cause to the trial judge for a new restitution hearing.[32] The court of appeals in *Barton* concluded that the amount of restitution ordered by the trial judge as a condition of community supervision was not supported by the record.[33] The court then rejected *Cartwright*'s remedy and held that

---

[27] Acts 1987, 70th Leg., ch. 179, § 1, eff. Aug. 31, 1987.

[28] *Id.*

[29] Acts 72nd Leg., ch. 838, § 2, eff. Sept. 1, 1991; TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon 2006).

[30] 21 S.W.3d 287 (Tex. Crim. App. 2000).

[31] *Id.* at 288.

[32] *Id.* at 288-89 (citing *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980) (panel op.)).

[33] *Id.* at 288.

the appellant, Barton, was entitled to an entirely new punishment hearing under 44.29(b).[34]

We disagreed and held that Article 44.29(b) did not supercede the remedy announced in *Cartwright*.[35] We determined that the *Cartwright* Court, without specifically mentioning the version of Article 44.29 in effect before 1987, "implied that the lack of a sufficient record to sustain a restitution award did not amount to 'reversible error' so as to trigger the procedure outlined in the article"[36] We reached this conclusion based on the *Cartwright* Court's decision "to remand the case for a new restitution hearing rather than a new trial" and "its emphasis on the fact that the error involved a condition of probation over which the trial court had continuing jurisdiction."[37] Finally, while observing that the Legislature has never defined what constitutes "reversible error" under Article 44.29, we noted that the Legislature did not change Article 44.29(b) "to suggest that error regarding a condition of community supervision was to be considered reversible error requiring a new punishment hearing."[38] From this, we "assume[d] that the Legislature was aware of the remedy crafted by this Court in *Cartwright* when it amended the statute and chose not to alter that procedure."[39]

In concluding that Article 44.29(b) did not supercede the remedy in *Cartwright*, we

---

[34] *Id.*

[35] *Id.* at 290.

[36] *Id.* at 289.

[37] *Id.*

[38] *Id.* at 290.

[39] *Id.* (citing *Moore v. State*, 868 S.W.2d 787, 790 (Tex. Crim. App. 1993)).

also rejected the appellant's claim that the restitution order should be deleted under our decision in *Ex parte Pena*.[40] In *Ex parte Pena*, we held that "where a trial judge imposes an 'invalid' condition, 'the proper remedy is to reform the judgment of conviction by deleting the condition.'"[41] In contrast, we recognized that our decision to remand for a new restitution hearing in *Cartwright* turned on the fact that the imposition of restitution as a condition of probation was lawful, even though the amount of restitution was unsupported by the record.[42] Shifting to Barton's case, we determined that the trial judge was within his lawful authority to order restitution as a condition of Barton's community supervision, and therefore, the deletion of the restitution condition under *Ex parte Pena* would be improper.[43] We then set aside the amount of restitution and remanded Barton's case to the trial court to hold a restitution hearing.[44]

Our consideration of *Ex parte Pena* in *Barton* reveals that we have implicitly recognized that an invalid condition of community supervision, like an insufficiently supported but otherwise lawful restitution order, does not constitute "reversible error" under Article 44.29 on appeal. However, *Ex parte Pena* and *Barton* differ in the remedy applied.

---

[40] *Id.* at 289, 289 n.3.

[41] *Id.* at 289 (citing *Ex parte Pena*, 739 S.W.2d 50, 51 (Tex. Crim. App. 1987); *Ex parte Gingell*, 842 S.W.2d 284, 285 (Tex. Crim. App. 1992)).

[42] *Id.* at 289.

[43] *Id.* at 289 n.3.

[44] *Id.* at 290.

The remedy applied depends on whether the trial judge acted lawfully. The trial judge in *Barton* was authorized to order restitution; the only defect present was that the amount of restitution was unsupported by the record. A remand for the purpose of a restitution hearing was therefore appropriate. *Ex parte Pena*, in contrast, involved a condition of community supervision that was not authorized. It was therefore proper to delete the invalid condition without remanding for additional proceedings, including a remand so that the trial judge could consider the imposition of an alternative, lawful condition.

An inquiry into the applicability of Article 44.29 applies with equal force in this case. Significantly, we have always remedied an unlawful cumulation order by reforming the trial court's judgment to delete the unlawful order.[45] In cases decided before the 1987 version of Article 44.29 was in effect, we set aside the unlawful cumulation order where the trial judge assessed punishment,[46] even though, at that time, Article 44.29 permitted a remand for a new punishment hearing.[47] And where the jury assessed punishment, under the version of Article 44.29 in effect before 1987, we deleted the unlawful cumulation entered by the trial judge instead of remanding the case for a new trial.[48] Finally, in cases decided after the 1987

---

[45] *Ex parte Madding*, 70 S.W.3d at 137; *Robbins*, 914 S.W.2d at 584; *La Porte*, 840 S.W.2d at 415; *Ex parte Vasquez*, 712 S.W.2d at 755; *Ex parte Voelkel*, 517 S.W.2d 291, 293 (Tex. Crim. App. 1975).

[46] *Ex parte Vasquez*, 712 S.W.2d at 755; *O'Hara v. State*, 626 S.W.2d 32, 35 (Tex. Crim. App. 1981).

[47] *Saldana*, 826 S.W.2d at 949-50.

[48] *Blackwell v. State*, 510 S.W.2d 952, 956 (Tex. Crim. App. 1974); *Ex parte Reynolds*, 462 S.W.2d 605, 608 (Tex. Crim. App. 1970).

version of Article 44.29 was in effect, even though subsection (b) permitted a remand for the purpose of a new punishment hearing, we deleted the unlawful cumulation order when the trial judge assessed punishment.[49]

Implicit in our continued practice of setting aside an unlawful cumulation order is the notion that an unlawful cumulation order does not constitute "reversible error" as provided in Article 44.29. Further, we presume that the Legislature was aware of this remedy when it amended Article 44.29 and that, in amending Article 44.29, the Legislature has approved of this interpretation as well as our remedy.[50] We therefore reaffirm our cases holding that an unlawful cumulation order is remedied by reforming the judgment to set aside the order. Because the trial judge in this case did not have the authority to stack Beedy's deferred adjudication community supervision term onto his prison sentence, the court of appeals was correct when it deleted the cumulation order.[51]

Our decision is supported by the fact that a defendant is permitted, on remand for resentencing under Article 44.29(b), to elect to have a jury assess punishment.[52] Thus, contrary to the State's contention, there is no foregone conclusion that a remand for resentencing would give the trial judge an opportunity to correct the mistake and fashion a

---

[49] *Robbins*, 914 S.W.2d at 584; *Johnson v. State*, 930 S.W.2d 589, 593 (Tex. Crim. App. 1996) (per curiam).

[50] *State v. Colyandro*, 233 S.W.3d 870, 878 (Tex. Crim. App. 2007).

[51] *Cf. Ex parte Pena*, 739 S.W.2d at 51.

[52] *Saldana*, 826 S.W.2d at 950-51.

punishment for the defendant that approximates, as closely as possible, what was originally intended.

Additionally, our determination is reinforced by our interest in fostering judicial economy and conserving scarce judicial resources. An individual sentence assessed by a trial judge within the applicable range of punishment is not rendered illegal by the entry of an unlawful cumulation order.[53] A trial judge's ability to consider cumulation in conjunction with the entire range of punishment applicable to a particular offense when assessing a defendant's sentence does not change this fact. The deletion of an unlawful cumulation order is an efficient corrective action that removes the illegality from the judgment while leaving the remaining, lawful portions of the judgment intact.

In upholding the court of appeals's decision to delete the cumulation order in this case, we do not mean to suggest that we would reach the same conclusion in a case where the trial judge had the authority to cumulate but entered, at his discretion under Article 42.08(a), Texas Code of Criminal Procedure, a cumulation order that lacked the requisite specificity.[54] In *Bell v. State*, for instance, we questioned, in dicta, our cases deleting a

---

[53] *See Levy v. State*, 818 S.W.2d 801, 802 (Tex. Crim. App. 1991) (holding that where the trial judge assesses a punishment that is not authorized by law after the defendant enters a guilty plea or plea of nolo contendere without a plea-bargain agreement, the proper remedy is to remand the case to the trial judge for a new punishment hearing).

[54] *See Turner v. State*, 733 S.W.2d 218, 220-23 (Tex. Crim. App. 1987); *Williams v. State*, 675 S.W.2d 754, 764 (Tex. Crim. App. 1984) (op. on reh'g) (quoting *Ward v. State*, 523 S.W.2d 681, 682 (Tex. Crim. App. 1975)).

cumulation order where the trial judge had the authority to cumulate under Article 42.08(a) but entered an order that was unsupported by evidence in the record.[55] We indicated that, in such a case, it may be appropriate to remand the case to the trial judge so that the judge could obtain the information required to support the cumulation order.[56] However, we do not need to reach this issue today because, in this case, the cumulation order was unlawful.

Finally, before we conclude, we address how the State's proposed remedy is incompatible with the procedural posture of this case. As recognized by the court of appeals in holding that the cumulation order was improper, Beedy has not been adjudicated guilty and therefore has not been convicted.[57] Having been placed on deferred adjudication community supervision, Beedy's punishment has not been assessed and Beedy has not been sentenced as defined in Article 42.02 of the Texas Code of Criminal Procedure.[58] Even if we were to assume that an unlawful cumulation order constitutes "reversible error" under Article 44.29, a remand for the purpose of resentencing would not be an available remedy in this situation.[59]

---

[55] *Bell v. State*, 994 S.W.2d 173, 175 (Tex. Crim. App. 1999).

[56] *Id*.

[57] T EX. CODE CRIM. PROC. ANN. art. 42.12 § 5; *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (citing *Ex parte Hernandez*, 705 S.W.2d 700, 702 (Tex. Crim. App. 1986); *Donovan v. State*, 68 S.W.3d 633, 636 (Tex. Crim. App. 2002); *Jordan v. State*, 36 S.W.3d 871, 876 (Tex. Crim. App. 2001); *McNew v. State*, 608 S.W.2d 166, 172 (Tex. Crim. App. 1978)).

[58] *Donovan*, 68 S.W.3d at 636; *McIntyre v. State*, 587 S.W.2d 413, 417-18 (Tex. Crim App. 1979); *see also* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 2(c).

[59] *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b).

The State appears to acknowledge the obvious conflict between the remedy it seeks and the procedural posture of this case. In both its petition and accompanying briefs, the State recognizes that if this case were remanded, Beedy would be returned to a point in which the trial judge could adjudicate guilt on Count Two. Nevertheless, the State adheres to the view that resentencing is the only proper remedy and advances no other remedy. The actual remedy pursued by the State, as defined by the procedural posture of this case, surpasses the State's request and may have consequences that the State never anticipated: because Beedy's guilt has not yet been determined, Beedy would be entitled to an entirely new trial and therefore would be in a position to change his plea and exercise his right to a jury trial.[60]

**Conclusion**

We hold that an unlawful cumulation order does not amount to "reversible error" under Article 44.29; therefore, we conclude that the court of appeals did not err in deleting the cumulation order. The judgment of the court of appeals is affirmed.

DATE DELIVERED: April 2, 2008
PUBLISH

---

[60] *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(a); TEX. R. APP. P. 21.9; *see also Walker v. State*, 557 S.W.2d 785, 786 (Tex. Crim. App. 1977) (holding that the Supreme Court's decision in *North Carolina v. Pearce* is not implicated where the prison sentence imposed by the trial judge after the defendant was adjudicated guilty exceeded the defendant's deferred adjudication community supervision term).