

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NOS. 2-08-320-CR
### 2-08-321-CR

MARIO DEMETRIUS MASAKA                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In one point, Appellant Mario Demetrius Masaka complains that the trial court abused its discretion when it ordered that the sentences in his two aggravated sexual assault of a child convictions be served consecutively. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

As a juvenile, Masaka pleaded guilty pursuant to plea bargains in two cases of aggravated sexual assault of a child; the juvenile court adjudged him to have engaged in delinquent conduct, sentenced him to ten years' confinement in each case, and suspended the sentences, placing him on ten years' community supervision, as recommended by the State in the plea bargain agreements. *See* Tex. Fam. Code Ann. §§ 53.045, 54.04(q), 54.0405 (Vernon 2008). When Masaka turned eighteen, his cases were transferred from the juvenile court to the district court. *See id.* § 54.051 (Vernon 2008).

After the State filed petitions to revoke Masaka's community supervision, Masaka pleaded "true" to each of the alleged violations of his community supervision: contact with children under seventeen years old without a chaperone approved by the court or the supervision officer; possessing images depicting adult nudity; missing one of his sex offender treatment dates; moving and failing to notify his supervision officer within five days from his change of address; and failing to pay his supervision and crimestoppers fees.

Only Masaka and his father testified at the hearing. Masaka's father acknowledged that Masaka should suffer the consequences of his actions, but he asked the court to refrain from giving his son the maximum punishment available. Masaka testified that he had made mistakes, apologized to the court,

2

gave explanations for the above violations, and asked the court for another chance. On cross-examination, Masaka admitted that he had been charged with committing aggravated sexual assault involving three complainants and that, while on juvenile probation, he had committed a new offense against one of the complainants.[2] He admitted to touching the three complainants, in a range of behaviors from exposure to fondling to penetration, and to exposing his genitals to another twelve children.

The trial court found each of the community supervision violations true and sentenced him to ten years' confinement in each case, to be served consecutively. This appeal followed.

### III. Consecutive Sentences

Masaka complains that the trial court abused its discretion when it ordered his sentences to be served consecutively.

### A. Standard of Review

The trial court has the discretion to determine whether the sentences should run consecutively or concurrently. *See* Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon 2006); *Beedy v. State*, 250 S.W.3d 107, 110 (Tex. Crim.

---

[2] Masaka testified that the new offense was "fondling of one of my previous—revictimiz[ing] one of my previous victims." He did not disagree with the statement that he was a high risk for both boys and girls from ages three to sixteen.

3

App. 2008). A trial court abuses its discretion only when the decision lies outside the zone of reasonable disagreement. *Green v. State*, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996), *cert denied*, 520 U.S. 1200 (1997). Additionally,

> [s]ubject only to a very limited, "exceedingly rare," and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the . . . trial court's . . . informed normative judgment, is unassailable on appeal. *The same thing is true for the discretionary decision whether to cumulate sentences*.

*Barrow v. State*, 207 S.W.3d 377, 381 (Tex. Crim. App. 2006) (emphasis added) (internal citation omitted).

## B. Penal Code Section 3.03(b)(2)

Masaka argues that the trial court abused its discretion because it violated section 3.03(b)(2) of the penal code. He complains that his sentences should not run consecutively because he "was placed on two probations containing the same offense, as opposed to two offenses arising out of the same criminal episode."

Section 3.03(b)(2) of the penal code provides:

(b) If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of:

(2) an offense:

4

(A) under . . . [section] 22.021 [aggravated sexual assault] committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section; or

(B) for which a plea agreement was reached in a case in which the accused was charged with more than one offense listed in Paragraph (A) committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is charged with violations of the same section more than once or is charged with violations of more than one section[.]

Tex. Penal Code Ann. § 3.03(b)(2) (Vernon Supp. 2008).[3] Section 3.01 defines

"criminal episode" as:

[T]he commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan;  or

(2) the offenses are the repeated commission of the same or similar offenses.

---

[3] Section 3.03(b) provides specific instances in which the trial court may impose consecutive sentences even though the sentences were imposed for offenses arising out of the same criminal episode and prosecuted in a single proceeding.  *See Malone v. State*, 163 S.W.3d 785, 804 (Tex. App.—Texarkana 2005, pet. ref'd) (holding that the trial court did not abuse its discretion when it ordered defendant's sentences for three offenses against the same complainant—aggravated sexual assault of a child, sexual assault, and indecency with a child—to run consecutively under section 3.03(b)).

*Id.* § 3.01 (Vernon 2003).

In support of his argument, Masaka asserts that "Paragraph One of each of the State's petitions alleged the same violation, and the paragraphs were identical," placing him on two probations containing the same offense. He complains:

> Even though Section 3.03(b)(2) allows the Trial Court to order consecutive sentences if two cases arise out of the same criminal episode, both 42.08 and 3.03 are silent on whether a Trial Judge may order consecutive sentences for two cases arising out of the same criminal episode *when one of those cases is contained within the other*. A common sense examination of the clerk's record and reporter's record indicates that the Trial Court did not take into account the nature of [Masaka's] original Juvenile Court Stipulation. [Emphasis added.]

He points out that the stipulation in the written plea bargain agreement only contained one paragraph with regard to the particular complainant and complained-of act at issue: that he caused a female child's mouth to contact his sexual organ on or about June 13, 2003. However, after reviewing the sealed records, we disagree with Masaka's interpretation of the record and conclude that we need not address the specific, double-jeopardy-type argument he raises in light of the facts contained within that record. *See* Tex. R. App. P. 47.1.

In the sealed juvenile proceeding records, each of the State's petitions originally contained a virtually identical first paragraph listing the same

6

complainant (a female child) and act (causing her mouth to contact Masaka's sexual organ)[4]— one petition alleged June 13, 2003, and the other alleged June 14, 2003. The State subsequently filed an amended petition in one of the two cases. The amended petition changed the identity of the complainant to one of the other two children Masaka admitted to touching during his revocation hearing (a male child), and it changed the act to penetration of the child's anus by Masaka's penis[5] on or about June 14, 2003. Both convictions were supported by the identical written plea bargain agreements filed in each case, but those written plea bargain agreements contained stipulations of each child's testimony that supported the original and amended petitions. Therefore, the trial court did not violate section 3.03(b)(2) when it ordered Masaka's sentences to be served consecutively because there were two offenses arising out of the same criminal episode, not two probations containing the same offense. *See, e.g., Tran v. State*, 221 S.W.3d 79, 89–90 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (holding no abuse of discretion when trial court cumulated defendant's sentences for three separate counts of aggravated sexual assault of the same child). We overrule Masaka's sole point.

---

[4] *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(v), (a)(2)(B) (Vernon Supp. 2008).

[5] *See id*. § 22.021(a)(1)(B)(i), (a)(2)(B).

7

## IV.  Conclusion

Having overruled Masaka's sole point, we affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 28, 2009