Opinion filed September
29, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-10-00027-CR & 11-10-00028-CR 

                                                    __________

 

                             JAMES
ALLEN SULLIVAN, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 35th District Court

 

                                                           Brown
County, Texas

 

                                             Trial Court
Cause Nos. 19690 & 18971

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted James Allen Sullivan of the offenses of sexual assault and
sexual assault of a child:  one count of sexual assault against A.S. and one
count of sexual assault of a child against C.C. in trial court cause no. 19690
(our Cause No. 11-10-00027-CR) and two counts of sexual assault of a child
against N.P. in trial court cause no. 18971 (our Cause No. 11-10-00028-CR).  The
jury assessed punishment for each count at confinement for eighteen years.  The
trial court ordered that the sentences in cause no. 18971 are to run
concurrently and that each sentence in cause no. 19690 is to run consecutively
to each other and to the sentences imposed in cause no. 18971.  We modify and
affirm.  

            Appellant
presents two issues on appeal.  In his first issue, appellant contends that the
evidence is factually insufficient to support his convictions.  In the second
issue, appellant asserts that the trial court improperly cumulated his
sentences because one of the complainants was not under the age of seventeen.  

Sufficiency
of the Evidence

We note at the outset of our analysis of appellant’s first
issue that the Texas Court of Criminal Appeals has now held in Brooks
v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010),
that there is “no meaningful distinction between the Jackson v. Virginia[1]
legal-sufficiency standard and the Clewis[2] factual-sufficiency standard”; that the Jackson v.
Virginia standard is the “only standard that a reviewing court should apply
in determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable doubt”;
and that “[a]ll other cases to the contrary, including Clewis, are
overruled.”  Brooks, 323 S.W.3d at 895, 902, 912 (footnotes added).  Accordingly,
a challenge to the factual sufficiency of the evidence is no longer viable.  We
also note that appellant did not have the benefit of the opinion in Brooks
when he filed his briefs.  We will review appellant’s factual sufficiency challenge
under the legal sufficiency standard set forth in Jackson v. Virginia.  Under
this standard, we must review all of the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443
U.S. 307; Brooks, 323 S.W.3d at 899.  

In
his brief, appellant concedes that the evidence is legally sufficient, under
the Jackson v. Virginia standard, to support the jury’s verdicts as
to the offenses committed against N.P.  We agree.  

N.P.
testified that appellant penetrated her vagina with his fingers and engaged in
sexual intercourse with her while she was confined in the Ron Jackson facility
of the Texas Youth Commission and living in the Freedom Dorm, where appellant
was employed as a juvenile correctional officer, JCO-5, with JCO-6 being the
highest ranking officer at the dorm.  Appellant was the acting dorm supervisor when
the JCO-6, Wanda Drew, was out of the office.  During the time period in
question, Drew was out quite often due to illness.

Appellant
was also convicted of sexually assaulting A.S. by penetrating her sexual organ
with his finger without her consent.  The record shows that A.S. was sent to
TYC as a juvenile and to the Freedom Dorm of the Ron Jackson facility in the
fall of 2003.  In the spring of 2004, when A.S. was seventeen years old,
appellant began showing special attention to her and making inappropriate
sexual comments.  On one occasion, appellant requested that A.S. be the first
to shower during shower routine and then directed A.S. to go to the supply
closet.  While A.S. was working in the closet, appellant told her to scoot the
stool to the left of the doorway, get on the stool, and drop her shorts.  She
complied.  Appellant stood at the doorway of the closet and then inserted his
finger into A.S.’s vagina.  Appellant positioned himself such that he was
facing the dayroom and could see someone coming into the dayroom.  The
encounter lasted no more than a minute because appellant noticed that someone
had walked into the dayroom. 

Because
A.S. was not a child for purposes of the sexual assault statutes, consent was
an issue.  The trial court instructed the jury with respect to the count
involving A.S that consent means “assent in fact, whether express or apparent,”
and that coercion means either (1) “a threat however communicated to expose a
person to hatred, contempt, or ridicule” or (2) “to take or withhold action as
a public servant, or to cause a public servant to take or withhold action.”  A.S.
testified that she consented to appellant putting his finger into her vagina
because she was scared and did not believe she could prevent him doing it
because he was a staff member.  A.S. testified that appellant told her not to
tell, indicating that she would get more time and that he would get in trouble.

Appellant
was also convicted of sexually assaulting C.C., a child, by penetrating her
sexual organ with his finger.  C.C. testified that she had been committed to
TYC in 2002 and that, from 2003 to 2004, she lived in the Freedom Dorm where appellant
worked.  She testified that appellant took a special interest in her and gave
her extra privileges.  Appellant also gave her Xanax pills a few times, which
he said had been prescribed for him.  C.C. testified that she was in the supply
closet folding clothes the first time appellant digitally penetrated her.  C.C.
said that appellant told her to pull down her pants and face the shelf.  She
complied.  Appellant stood halfway in the hall so that part of him could still
be seen by the surveillance camera, reached his hand around into the closet
where there was no surveillance camera, and put his fingers into C.C.’s vagina. 
Appellant called C.C. to the closet on another occasion and digitally
penetrated her again.  Appellant asked her if she had ever dated older men and
discussed taking their relationship to the next level.  One time, appellant
directed C.C. to go in the closet, stand toward the back of the closet, and rub
lotion on her vagina.  Again, she complied.  She had her pants down and was
leaning over the cabinets when appellant came in and started to insert his
penis into her vagina.  However, appellant got nervous and quit when he heard
an announcement on his radio that someone was being brought back from the
infirmary.

At
trial, appellant denied having any inappropriate sexual contact with the
juvenile offenders at TYC.  Appellant specifically denied having any
inappropriate sexual contact with N.P., A.S., and C.C.  Appellant testified
that he did not insert his finger or his penis into N.P.’s vagina.  Appellant
also denied furnishing Xanax pills to the girls, but he admitted that he had
had a prescription for Xanax.  Appellant also admitted that he had had a
vasectomy, corroborating N.P.’s testimony that appellant told her she could not
get pregnant because he had had “some type of surgery.”  Appellant called three
witnesses who worked with appellant at TYC, including his supervisor, to
testify on his behalf.  These witnesses were of the opinion that appellant was
truthful but that the particular girls who testified against appellant were not
truthful.  

We
hold that the evidence is sufficient to support the jury’s verdict as to each
conviction.  Our review of the record reflects that N.P., A.S., and C.C. gave
similar testimony regarding how appellant treated them and where and how the
assaults occurred.  As to each conviction, a rational trier of fact could have
found the essential elements of the particular crime to be true beyond a
reasonable doubt.  The jury, as the trier of fact, was the judge of the
credibility of the witnesses and the weight to be given their testimony.  Appellant’s
first issue is overruled.  

Consecutive
Sentences

In
his second issue, appellant argues that the stacking of his sentences was
improper.  The State concedes that, because A.S. was not younger than seventeen
years of age, the sentence in the count involving A.S. cannot run consecutively
to the other sentences.  See Tex.
Penal Code Ann. § 3.03 (Vernon 2011).  Pursuant to Section 3.03(a), when
an accused is tried in a single criminal action and is found guilty of more
than one offense arising out of the same criminal episode, the sentences – with
a few exceptions – shall run concurrently.  One of the exceptions, however,
provides that the sentences may run concurrently or consecutively if each
sentence is for a conviction of a specific type of offense, including sexual
assault, that was “committed against a victim younger than 17 years of age at
the time of the commission of the offense regardless of whether the accused is
convicted of violations of the same section more than once or is convicted of
violations of more than one section.”  Id. § 3.03(b)(2)(A).  The trial
court improperly stacked the sentence from the sexual assault conviction
involving A.S. because she was already seventeen at the time of the offense
and, thus, was not “younger than” seventeen.  

The
Texas Court of Criminal Appeals has held that a trial court’s unlawful
cumulation order is not reversible error and that the appropriate remedy on
appeal is for the appellate court to reform the judgment by deleting the
improper cumulation order.  Beedy v. State, 250 S.W.3d 107, 110, 115
(Tex. Crim. App. 2008).  The judgment in cause no. 19690 reflects that the
trial court made the following special finding: 

The
sentence imposed in Cause #CR19690 as to Count I shall begin when the judgment
in the sentence imposed in Cause #CR18971 has ceased to operate.  The sentence
imposed in Cause #CR19690 as to Count II shall begin when the judgment in the
sentence imposed in Cause #CR19690 Count I has ceased to operate.  

 

The judgment in
cause no. 18971 reflects that the trial court made the following special
finding: 

            Cause
#CR18971 Count I and VI are to run concurrent.  The sentence imposed in Cause
#CR19690 as to Count I shall begin when the judgment in the sentence imposed in
Cause #CR18971 has ceased to operate.  The sentence imposed in Cause #CR19690
as to Count II shall begin when the judgment in the sentence imposed in Cause
#CR19690 Count I has ceased to operate.

 

Consequently,
the trial court’s judgments in both causes must be modified to delete the
language ordering cumulation of the sentence involving A.S.:  Count I of cause
no. 19690.  Appellant’s second issue is sustained.  

This
Court’s Ruling

The
special finding in the judgment of the trial court in cause no. 19690 is
modified to read as follows:  

The
sentences imposed in Cause #CR19690 Count I and Count II shall run concurrently
with one another and shall begin to operate when the sentence imposed in Cause
#CR18971, from the 35th District Court of Brown County, Texas, shall cease to
operate.

 

The special
finding in the trial court’s judgment in cause no. 18971 is modified to delete
all of the language following the first sentence, which shall read as follows: 
The sentences imposed in Cause #CR18971 Count I and VI are to run concurrently. 
As modified, the judgments of the trial court are affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

September 29,
2011

Do not publish. 
See Tex. R. App. P.
47.2(b). 

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J. 









[1]Jackson v. Virginia, 443 U.S. 307 (1979).

 





[2]Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996).