

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00166-CR

**AMBER SHOTWELL,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2010-933-C2

## MEMORANDUM OPINION

Amber Shotwell pled guilty to two counts of sexual assault. TEX. PENAL CODE ANN. § 22.011 (West 2011). The victim was under the age of 17 at the time of the assaults. A jury assessed punishment at four years in prison for each count, and the trial court cumulated the sentences. *Id*. § 3.03(b)(2) (West Supp. 2012). In two issues, Shotwell contends the cumulation of her sentences is cruel and unusual under both the United States and Texas Constitutions. We affirm.

Shotwell first argues that the trial court's ability to cumulate sentences in an arbitrary manner rendered her punishment cruel and unusual under the United States Constitution. U.S. CONST. amend. VIII. Shotwell appears to argue both a challenge to "the length of term-of-years sentences" given in a particular case, *i.e.* that a cumulated eight year sentence for this offense is cruel and unusual, and a "categorical challenge" to a term-of-years sentence, *i.e.* any cumulation order in this type of offense is cruel and unusual. *See Graham v. Florida*, ___ U.S. ___, 130 S. Ct. 2011, 2022, 176 L. Ed. 2d 825 (2010).

While both parts of this issue could arguably be included under the "bare-bones" motion for new trial in which Shotwell claimed the cumulation order violated the Eighth Amendment because it constituted cruel and unusual punishment, Shotwell's specific arguments made on appeal were never presented to, and in the case of the categorical challenge could not even be inferred by, the trial court in the motion or at the hearing on the motion.[1] Accordingly, we find that Shotwell's categorical challenge was not presented to the trial court and is not preserved for our review. TEX. R. APP. P. 33.1(a)(1)(A); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (reviewing court will not consider errors, even of constitutional magnitude, not called to the trial court's attention). *See also Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("by failing to distinguish the rights

---

[1] At the hearing on the motion for new trial, Shotwell only argued about the "delegation doctrine."

and protections afforded under the Texas due course of law provision from those provided under the Fourteenth Amendment before the trial judge in this context, Pena failed to preserve his complaint that the due course of law provides greater protection for appellate review."). Because the trial court could have inferred a length of term challenge from Shotwell's motion for new trial, we will address it, but, nevertheless, find that her sentence does not amount to cruel and unusual punishment.

Generally, when a trial court lawfully exercises the option to cumulate sentences, that decision, subject only to a very limited and "exceedingly rare" Eighth Amendment gross-disproportionality review, is unassailable on appeal. *Beedy v. State*, 250 S.W.3d 107, 110 (Tex. Crim. App. 2008); *Barrow v. State*, 207 S.W.3d 377, 381 (Tex. Crim. App. 2006). "'The Eighth Amendment does not require strict proportionality between crime and sentence;'" rather, "'it forbids only extreme sentences that are 'grossly disproportionate' to the crime.'" *Ewing v. California*, 538 U.S. 11, 23, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003) (plurality opinion) (quoting H*armelin v. Michigan*, 501 U.S. 957, 1001, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (opinion of Kennedy, J.)). It embraces a "narrow proportionality principle" that we apply, on a case-by-case basis, in noncapital sentences. *Lockyer v. Andrade*, 538 U.S. 63, 72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003) (internal quotation marks omitted); *Solem v. Helm*, 463 U.S. 277, 290, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Courts conducting a "narrow proportionality" review should begin with a threshold inquiry that compares "the gravity of the offense and the

harshness of the penalty." *Solem*, 463 U.S., at 290-291. Only in "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality," *id*., at 1005, should courts proceed to an "intrajurisdictional" comparison of the sentence at issue with those imposed on other criminals in the same jurisdiction, and an "interjurisdictional" comparison with sentences imposed for the same crime in other jurisdictions. *Id*. at 291-292.

Shotwell pled guilty to two counts of sexual assault involving a person under the age of 17. The range of punishment for this offense is two to 20 years in prison. The jury sentenced Shotwell to four years in prison for each count. The trial court had the discretion to cumulate the sentences pursuant to section 3.03 of the Texas Penal Code and article 42.08 of the Texas Code of Criminal Procedure. TEX. PENAL CODE ANN. §3.03(b)(2) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2012). Even though the victim was almost 17 years old when the assaults took place, a total of eight years in prison, which is well below the mid-point of the range as to each count and even when cumulated remains below the mid-point of the range, is not a grossly disproportionate punishment for the offenses for which Shotwell was convicted. *See Ewing v. California*, 538 U.S. 11, 23, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003). Thus, the imposition of consecutive sentences under these facts is not cruel and unusual punishment, and the trial court did not abuse its discretion in denying Shotwell's motion for new trial. Her first issue is overruled.

Shotwell argued in her second issue that the Texas Constitution provided greater protection than the United States Constitution because the Texas Constitution protects citizens from "cruel *or* unusual" punishments. *See* TEX. CONST. art. I, § 13 (emphasis added). Shotwell complained in her motion for new trial, however, that the cumulation order was violative of the Texas Constitution in that it constituted cruel *and* unusual punishment. Thus, her issue raised on appeal does not comport with the issue raised in her motion for new trial and is not preserved for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). *See also Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). Shotwell's second issue is overruled.

Having overruled each issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed July 11, 2013
Do not publish
[CR25]