**Opinion filed June 15, 2017**



## In The

# Eleven Court of Appeals

_____

## No. 11-16-00107-CR

_____

## KENNETH LASHON GREEN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR38038**

## M E M O R A N D U M   O P I N I O N

The jury convicted Kenneth Lashon Green of two counts of sexual assault.[1] The jury assessed punishment for each count at confinement for four years and a fine of $1,000. The trial court ordered that Appellant serve the sentence in Count II consecutively to the sentence in Count I.

---

[1]TEX. PENAL CODE ANN. § 22.011(a)(1)(A), (B) (West 2011).

In his first appeal, Appellant asserted issues other than the cumulation-order issue now before us, and we affirmed.[2] Appellant filed a writ of habeas corpus, and the Court of Criminal Appeals determined that, because Appellant's prior appellate counsel was ineffective for failing to challenge the trial court's cumulation order, Appellant could file an out-of-time appeal. In this appeal, Appellant asserts that the trial court erred when it ordered consecutive sentences because his two sexual assault convictions arose out of the same criminal episode. We modify and affirm.

## I. *Analysis*

On appeal, Appellant argues that the trial court erred when it ordered that he serve consecutive punishments for his two convictions for sexual assault. The State notified this court that it would not file a brief and that it agreed with Appellant's position to delete the cumulation order. Although the State concedes error, that concession is not conclusive on appeal. *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002); *Isham v. State*, 258 S.W.3d 244, 248 (Tex. App.—Eastland 2008, pet. ref'd). We must conduct an independent examination of the merits of Appellant's claim. *Isham*, 258 S.W.3d at 248.

"The Legislature has assigned the task of cumulating sentences exclusively to the trial judge." *Beedy v. State*, 250 S.W.3d 107, 110 (Tex. Crim. App. 2008) (citing TEX. CODE CRIM. PROC. ANN. art. 42.08 (West 2006); TEX. PENAL CODE ANN. § 3.03 (West Supp. 2016); *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006)). "In some cases, the trial judge is required to cumulate individual punishment, while in other cases, the trial judge's decision to cumulate is discretionary." *Id.* (citing CRIM. PROC. art. 42.08; PENAL § 3.03; *Barrow*, 207 S.W.3d at 380). "Like the assessment of individual punishment, a trial judge's decision to cumulate under Texas Code of Criminal Procedure, Article 42.08(a), is 'a normative, discretionary

---

[2]*Green v. State*, No. 11-11-00273-CR, 2013 WL 4715692 (Tex. App.—Eastland Aug. 30, 2013, pet. dism'd, untimely filed) (mem. op., not designated for publication).

function that does not turn on discrete findings of fact.'" *Id.* (quoting *Barrow*, 207 S.W.3d at 380). "As a result, when a trial judge lawfully exercises the option to cumulate, that decision is unassailable on appeal." *Id.* (citing *Barrow*, 207 S.W.3d at 381). However, Section 3.03 of the Texas Penal Code limits when a trial court may cumulate sentences for offenses that arise out the same criminal episode. PENAL § 3.03.

Section 3.03 provides that, for multiple sexual assaults that occur within the same criminal episode, the trial court may only cumulate sentences when the victim of the sexual assault was younger than seventeen years of age. *Id.* § 3.03(b)(2)(A). In this case, Appellant's victim was older than seventeen years of age at the time Appellant committed the offenses. Consequently, the trial court, under Section 3.03, could only order that the sentences be served concurrently. *Sullivan v. State*, 387 S.W.3d 649, 651 (Tex. Crim. App. 2013); *see* PENAL § 3.03(a). Where there is an unlawful cumulation or stacking order, the appropriate remedy is the order's deletion. *Morris v. State*, 301 S.W.3d 281, 294–95 (Tex. Crim. App. 2009); *Beedy*, 250 S.W.3d at 114. We sustain Appellant's single issue on appeal.

## II. *This Court's Ruling*

We modify the judgment of the trial court in Count II to delete the cumulation order and to reflect that the sentences in Counts I and II are to be served concurrently. As modified, we affirm the judgments of the trial court.

|  | MIKE WILLSON |
|---|---|
| June 15, 2017 | JUSTICE |

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.