**Opinion filed August 23, 2018**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00246-CR

_____

## JESUS VALENZUELA AMARO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR46174**

## M E M O R A N D U M   O P I N I O N

The jury convicted Jesus Valenzuela Amaro of the offenses of criminal solicitation of a minor (Count I) and indecency with a child by exposure (Count II).[1] The jury assessed punishment in Count I at confinement for five years and a fine of $5,000. In Count II, the jury assessed punishment at confinement for ten years and a fine of $5,000, but it recommended that the imposition of the sentence in this count

_____

[1]TEX. PENAL CODE ANN. §§ 15.03, 21.11(a)(2)(A) (West 2011 & Supp. 2017).

be suspended and that Appellant be placed on community supervision. The trial court sentenced Appellant accordingly and ordered that Appellant serve the community supervision term in Count II consecutively to the sentence in Count I. Appellant asserts on appeal that the trial court improperly cumulated his sentences. The State agrees. Because we also agree, we modify and affirm.

In his only issue on appeal, Appellant contends that his sentence for the conviction of criminal solicitation of a minor is not subject to cumulation under the applicable statutes. A trial court's decision as to whether to order concurrent or cumulative sentences is discretionary in some situations and is mandated by statute in other situations. *See Beedy v. State*, 250 S.W.3d 107, 110 (Tex. Crim. App. 2008); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.08 (West 2018). Here, the relevant statutory provision contains mandatory language. *See* TEX. PENAL CODE ANN. § 3.03(a) (West Supp. 2017). When a defendant is prosecuted in a single criminal action for more than one offense stemming from the same criminal episode, the sentences "shall run concurrently" unless "each sentence is for a conviction of" an offense specified in Section 3.03(b). *Id.* § 3.03(a), (b). Although indecency with a child is an offense specified in Section 3.03(b), criminal solicitation of a minor is not one of the enumerated offenses. *See id.* § 3.03(b). Section 3.03(b) requires that "each sentence" be for an enumerated offense. Because the sentence for criminal solicitation of a minor was not for an enumerated offense, the trial court had no discretion to stack the sentences and was required by Section 3.03 to order concurrent sentences. We sustain Appellant's sole issue on appeal.

The appropriate remedy for an unlawful cumulation order is reformation of the judgment to delete the cumulation order. *Morris v. State*, 301 S.W.3d 281, 295–96 (Tex. Crim. App. 2009); *Beedy*, 250 S.W.3d at 114. Accordingly, the following language must be deleted from the judgment in Count II: "The community

supervision term assessed in Count II shall not begin until the sentence in Count I has ceased to operate."

We modify the judgment of the trial court in Count II to delete the cumulation order and to reflect that the sentences in Counts I and II are to be served concurrently. As modified, we affirm the judgments of the trial court.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

August 23, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, J.;
Gray, C.J., 10th Court of Appeals[2];
and Wright, S.C.J.[3]

Willson, J., not participating.

---

[2]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.