TOM BULLARD v. THE STATE.

No. 1864. Decided March 1, 1899.

**1. Cumulative Punishment—Sentence.**

There must be record evidence introduced of a former conviction, and oral evidence of defendant's identity, to authorize the assessment of a cumulative sentence and punishment, unless the former conviction occurred at the same term as the one which is made cumulative.

**2. Same—Reforming Sentence on Appeal.**

Where a judgment and sentence in the trial court are correct in every respect except as to the assessment of a cumulative punishment, the court on appeal will, as it is authorized to do by article 904, Code of Criminal Procedure, reform the sentence.

APPEAL from the District Court of Ellis. Tried below before Hon. J. E. DILLARD.

Appeal from a conviction for theft of a horse; penalty, seven years imprisonment in the penitentiary, with cumulative sentence.

No statement of facts in the record.

*A. A. Kemble,* for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.—It is submitted that, should the court hold that the judgment of the District Court was erroneous in making the sentence cumulative, then this court has the authority to reform the judgment in this particular, striking out the cumulative sentence, and then affirm the judgment. Rivers v. State, 10 Texas Crim. App., 177; Hill v. State, 10 Texas Crim. App., 673; Short v. State, 23 Texas Crim. App., 312; Robinson v. State, 24 Texas Crim. App., 4.

BROOKS, JUDGE.—Appellant was tried and convicted of the theft of one horse, the property of J. A. Nesmith, and upon that conviction an ordinary judgment was rendered against appellant on the verdict of the jury, assessing his punishment at confinement in the penitentiary for a term of seven years. Upon that judgment the following sentence was rendered, to wit: "This day, this cause again being called, the State appeared by her county attorney, and the defendant, Tom Bullard, was brought into open court, in person, in charge of the sheriff, for the purpose of having the sentence of the law pronounced in accordance with the verdict and the judgment herein rendered and entered against him on a former day of this term. And thereupon the defendant, Tom Bullard, was asked by the court whether he had anything to say why said sentence should not be pronounced against him, and he answered nothing in bar thereof; and it appearing to this court that said Tom Bullard is now serving a term in the State penitentiary for the commission of some felony, whereupon the court proceeded in the presence of said defendant, Tom Bullard, to pronounce sentence against him as follows: 'It is ordered by the court that the defendant, Tom

Bullard, who has been adjudged to be guilty of horse theft, and whose punishment has been assessed by the verdict of the jury at confinement in the penitentiary for seven years, be delivered by the sheriff of Ellis County, Texas, immediately to the superintendent of the penitentiary of the State of Texas, or other person legally authorized to receive such convicts, and the said Tom Bullard shall be confined in said penitentiary for seven years, in accordance with the provisions of the law governing the penitentiaries of said State. Said sentence to commence at the expiration of the term or terms for which he now is serving in said penitentiary. And the said Tom Bullard is remanded to jail until said sheriff can obey the directions of this sentence,'—to which sentence of the court, in so far as it makes the term of imprisonment to begin at the expiration of some other term or terms or at any future day, the defendant excepts, and in open court gives notice of appeal to the Court of Criminal Appeals of Texas." Appellant excepted to that portion of the sentence which attempted to make the punishment of appellant cumulative, and his assignment of error in that regard is as follows: "The court erred in the sentence of Tom Bullard in that the sentence directs that his term of confinement in the penitentiary shall commence at the expiration of the term or terms for which he is now serving in said penitentiary." And in this connection appellant complains of the action of the court making the sentence cumulative, because there is no evidence introduced before the court authorizing a sentence to be made cumulative. From an inspection of the facts as contained in the record, we hold that this contention is correct. The only evidence disclosed by the record that appellant was then in the penitentiary from Freestone County was the evidence of appellant himself, and the bench warrant to G. C. Sweet, sheriff of Ellis County, upon which appellant was brought from the State penitentiary to Ellis County on the trial of this case; and further proof was made that the sheriff went to the penitentiary, and brought appellant to Ellis County. There was no record presented of his conviction, nor was the court furnished any data as to whether he was serving a term in one or more cases in the penitentiary, or the length of said terms or how much longer he had to serve. It will be seen from the record of the sentence itself in this case that the court nowhere stated in general terms that the sentence in the case should begin when his sentence or sentences which he was then serving in the penitentiary should terminate. We hold that, unless record evidence of former convictions of the defendant is introduced, together with oral evidence of his identity, unless the convictions occurred at the same term that the appellant is tried, the court will not be authorized to make the sentence cumulative. Article 904 of the Code of Criminal Procedure reads: "The Court of Criminal Appeals may affirm the judgment of the court below, or may reverse and remand for new trial, or may reverse and dismiss the case, or may reform and correct the judgment as the law and evidence of the case may require." The sentence in this case is in strict conformity with the verdict and judgment save and except in the par-

ticular above indicated, wherein the court proposed to make the sentence in this instance cumulative. The court very properly sentenced appellant to seven years' confinement in the penitentiary, as indicated by said verdict and judgment. But, under the law and evidence adduced upon this question, there was no authority before the court authorizing the court to make the sentence cumulative. As before stated, there was no evidence to authorize such action on the part of the court. Under the article above quoted, therefore, we here reform the judgment, and it is ordered by the court that appellant, Tom Bullard, who has been adjudged to be guilty of horse theft, and whose punishment has been assessed by the verdict of the jury at confinement in the penitentiary for seven years, be delivered by the sheriff of Ellis County, Texas, to the superintendent of the penitentiary of the State of Texas, or other person legally authorized to receive such convict; and the said Tom Bullard shall be confined in said penitentiary for seven years in accordance with the provisions of the law governing the penitentiaries of this State, and that his sentence shall not be dependent upon any other sentence that may or may not have been rendered against appellant in any other trial.

This case is different from the case of Small v. State (Texas Criminal Appeals) 38 S. W. Rep., 799. In that case the indictment contained three counts,—two for forgery, and one for attempting to pass as true a forged instrument in writing. The verdict found defendant guilty of the latter offense, but the judgment was entered and sentence passed against him for forgery. The court in that case held the action of the court was the same as if no judgment and sentence at all had been passed upon defendant, and, there being no judgment, that there is nothing to reform. But in this case the court did sentence appellant in accordance with the verdict and judgment, but added a clause making the sentence cumulative. Hence we hold that the doctrine in the Small Case does not apply in this case, and we can reform the judgment as above indicated. For the reasons assigned, the sentence of the lower court is reformed as above indicated, and the judgment is affirmed.

*Reformed and affirmed.*

DAVIDSON, Presiding Judge, absent.