**FILED**
IN COURT OF APPEALS
ELEVENTH DISTRICT

**JAN 1 4 2013**

SHERRY WILLIAMSON, CLERK
By_____Deputy



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-1678-11 & PD-1679-11

11-10-027-CR
11-10-028-CR

## JAMES ALLEN SULLIVAN, Appellant

### v.

## THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE ELEVENTH COURT OF APPEALS
## BROWN COUNTY

KELLER, P.J., delivered the opinion of the Court in which PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, COCHRAN and ALCALÁ, JJ., joined. MEYERS, J., filed a dissenting opinion.

A jury convicted appellant of four sexual assaults against three victims and sentenced him to eighteen years of imprisonment in each case. The trial judge ordered some of the sentences to run concurrently and some to run consecutively. One of the sentences that was stacked was not eligible for stacking. This case presents the question of the proper remedy when one of a series of sentences is improperly stacked and whether it matters where in the series the improperly stacked sentence

appears. We reform the trial court's judgment to reflect that the improperly stacked sentence is not stacked and that the two sentences involving different victims are stacked. We also reform the sequence of stacking to conform to the trial judge's oral pronouncement of sentence.

## I. BACKGROUND

### A. Trial

Appellant worked at a Texas Youth Commission facility. The evidence showed that appellant sexually assaulted three children who were staying at that facility. One of the children, A.S., was seventeen years old at the time of the sexual assaults. The other two children, N.P. and C.C., were under age seventeen at the time. In one indictment, appellant was charged with multiple sexual assaults against N.P. In another indictment, appellant was charged with one sexual assault against A.S. and one against C.C. Appellant was convicted of two counts of sexual assault against N.P. and one count each for A.S. and C.C. On each count, the jury assessed a punishment of confinement for eighteen years.

The trial judge then asked for the parties' positions on whether the sentences should be served concurrently or consecutively. The State urged the judge to make all of the sentences consecutive. Appellant urged the judge to make all of the sentences concurrent. The trial judge stated that he would order the sentences in the two counts involving N.P. to be concurrent with each other. With respect to the sentences for the counts involving A.S. and C.C., the judge stated that they would "run consecutively with each other," and the sentences for counts involving N.P. would "run consecutively to the others." As a result, the trial judge said that there would be "three consecutive eighteen-year terms."

The trial judge then asked if there was any legal reason why the sentences should not now be pronounced. Defense counsel responded that there was no legal reason. The judge then stated:

> It's the sentence of this Court, [appellant], that you serve the 18 years in the manner that I've pronounced, the stacking of the two [N.P.] judgments on top of the two counts in the other case, so that each victim will have what I deem to be appropriate justice in this matter, but I'm not going to stack the two within itself with the one for the reasons that I've stated. But the sentences will then run as indicated, stacking the two main cases and the two counts in addition as reflected.

The trial judge entered a judgment for each indictment, and each judgment contained the following written cumulation order:

> The sentence imposed in Cause #CR19690 as to Count I [A.S.] shall begin when the judgment in the sentence imposed in Cause #CR18971 [N.P.] has ceased to operate. The sentence imposed in Cause #CR19690 as to Count II [C.C.] shall begin when the judgment in the sentence imposed in Cause #CR19690 Count I [A.S.] has ceased to operate.[1]

Thus, under the oral pronouncement the two concurrent sentences involving N.P. would be the last in the stacking series but under the written judgment they would be the first in the series.

## B. Appeal

On appeal, appellant complained that stacking the sentence for the count involving A.S. was error because the relevant statute permitted stacking only if the victim was younger than seventeen. The State conceded error. The court of appeals held that the appropriate remedy was to modify the trial court's judgments "to delete the language ordering cumulation of the sentence involving A.S."[2] To accomplish this objective, the court of appeals ordered that the judgments be revised to reflect that the sentences for the counts involving N.P. run concurrent with each other, that the sentences

---

[1] Bracketed material added to aid the reader.

[2] *Sullivan v. State*, Nos. 11-10-00027-CR & 11-10-00028-CR, slip op. at 5 (Tex. App.–Eastland September 29, 2011) (not designated for publication).

for the counts involving A.S. and C.C. run concurrent with each other, and that the sentences for the counts involving A.S. and C.C. be stacked on the sentences for the counts involving N.P.[3] The result of the court of appeals's revised orders is that appellant serves two consecutive eighteen-year terms instead of three.

## II. ANALYSIS

Chapter three of the Texas Penal Code allows for offenses arising out of the "same criminal episode" to be tried in the same criminal action.[4] The term "same criminal episode" is specifically defined in chapter three, and the term includes a situation in which "the offenses are the repeated commission of the same or similar offenses."[5] When offenses are tried together pursuant to chapter three, the sentences must be concurrent unless a specific exception within chapter three provides otherwise.[6] One such exception provides that consecutive sentences may be imposed for convictions for certain types of sexual offenses if the offenses were committed against a victim younger than seventeen years of age.[7]

With respect to the issue before us, the language of the relevant portions of chapter three is unambiguous.[8] The sentence for the count involving A.S. does not fall within the exception

---

[3] *Id.* at 5-6.

[4] TEX. PENAL CODE § 3.02(a).

[5] *Id.*, § 3.01(2).

[6] *Id.*, § 3.03(a).

[7] *Id.*, § 3.03(b)(2)(A).

[8] *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (Courts must give effect to the plain meaning of the statutory text unless the language is ambiguous or leads to absurd results that the legislature could not have possibly intended).

mentioned above because A.S. was not under seventeen at the time of the offense. And because no other exception applies,[9] that sentence must run concurrent with all other sentences obtained in the same criminal action, i.e., with the sentences for the counts involving N.P. and C.C. But the sentences for the counts involving N.P. and C.C. do fall within the exception because those victims were younger than seventeen, so those sentences could run consecutive to each other, although they must run concurrent with the sentence for the count involving A.S. Consequently, as both parties agree, the trial judge erred in cumulating the sentence for the count involving A.S. with the other sentences.

Appellant contends that the court of appeals erred in rewriting the trial judge's cumulation orders. He claims that the sentence relating to A.S. was in the middle of the stacking order, and when it is deleted, there remains no order stacking the sentence relating to N.P. onto the sentence relating to C.C. Thus, he claims, the proper remedy is to delete all of the cumulation orders. The State contends that the court of appeals was correct to modify the cumulation orders to delete the improper cumulation of the sentence for the count involving A.S., but the State suggests that further modification may be required because the sequence in which the sentences were stacked in the written judgments varies from their sequence in the trial court's oral pronouncement.

We first observe that the court of appeals's remedy does not entirely fix the error in the trial judge's cumulation orders. Under the court of appeals's revised orders, the sentence for the count involving A.S. still impermissibly runs consecutive to the sentences for the counts involving N.P.

Further, as the State suggests, the written cumulation order differs from the trial court's oral pronouncement of sentence, although it is unclear whether that difference would have any practical

---

[9] *See* TEX. PENAL CODE § 3.03(b).

effect on appellant's incarceration. Under the written cumulation order, the sentences for the counts involving N.P. are the first in the stacking sequence, but in the trial court's oral pronouncement they are last in the stacking sequence. The general rule that a trial judge's oral pronouncement controls over the written judgment applies to cumulation orders.[10] Under this principle, we have held that a trial judge may not cumulate sentences in the written judgment if he did not do so in his oral pronouncement.[11] It follows that a cumulation order in a written judgment may not substantively vary from the cumulation order contained in the trial judge's oral pronouncement of sentence.

But the trial judge's oral pronouncement suffers from some lack of specificity regarding the sequence of stacking. The sentences for the counts involving N.P. are clearly last, but it is not clear where in the sequence the sentences for the counts involving A.S. and C.C. fall. Unlike in the written orders, the sentence relating to A.S. does not clearly fall between the other sentences. If a cumulation order is not sufficiently specific, a remand may be permitted to allow the trial judge to remedy the matter,[12] but we need not consider whether a remand is appropriate in this case. Once we take into account the impermissibility of stacking the sentence relating to A.S., the specificity issue vanishes. In making his oral pronouncement, the trial judge clearly intended the sentences for the counts involving N.P. to run consecutive to the sentence for the count involving C.C. Remanding the cases to him would result in an order stacking the sentences related to N.P. and C.C.

---

[10]   *Ex parte Madding*, 70 S.W.3d 131, 135-36 (Tex. Crim. App. 2002).

[11]   *Id.* at 136.

[12]   *Morris v. State*, 301 S.W.3d 281, 296 (Tex. Crim. App. 2009); *Beedy v. State*, 250 S.W.3d 107, 114 (Tex. Crim. App. 2008).

and not stacking the sentence relating to A.S.[13]

The remaining question is whether the judgment can be reformed to accomplish this intent or whether the cumulation order must be deleted in its entirety. When part of a cumulation order is illegal, the remedy is to delete the illegal portion.[14] In *Morris v. State*, the trial judge stacked two sentences and partially stacked a third sentence.[15] The trial judge stated on the record that if he could not partially stack the third sentence, then he would stack all three sentences.[16] The court of appeals deleted the portion of the cumulation order that purported to partially stack the third sentence but left intact the part that stacked the first two sentences.[17] We held that the trial judge could not partially stack a sentence, and we also held that the trial judge could not impose an alternative stacking order, so cumulating all three sentences on appeal was not an option.[18] We concluded that the court of appeals "appropriately deleted the unlawful portion [of the cumulation order] and left

---

[13] Neither party discusses the possibility that the two sentences relating to N.P. might have been stacked (so that there would still be three consecutive eighteen-year sentences) if the trial judge had known that the sentence relating to A.S. was not subject to being stacked. With respect to that possibility, the court of appeals's decision to reform the cumulation order is a holding adverse to the State. The State did not file a petition for discretionary review suggesting that the court of appeals should have remanded the case to the trial court to consider stacking the two sentences relating to N.P. Consequently, we have no occasion to address whether this case could have been remanded for that purpose or whether *Morris* would bar such an outcome.

[14] *Morris*, 301 S.W.3d at 295-96.

[15] *Id.* at 294.

[16] *Id.* at 294-95.

[17] *Id.* at 295.

[18] *Id.* at 295-96.

the lawful portion of the order intact."[19]

We conclude here that only part of the trial judge's cumulation order is illegal—the inclusion of the sentence for the count involving A.S. in the sequence of stacked sentences. If we had any doubt about what the trial judge intended to do, we would remand these cases to him to reform the cumulation order. But it is clear from the oral prounouncement what his intent was. Therefore, in conformity with the trial judge's oral pronouncement and with the law, we reform the cumulation order to delete the sentence for the count involving A.S. from the sequence of stacked sentences and to stack the sentence for the counts involving N.P. upon the sentence for the count involving C.C. As a consequence of our reformation, the cumulation order in each of the judgments is ordered to read as follows:

> The sentence imposed in Cause #CR19690 as to Count I shall begin immediately.
> The sentence imposed in Cause #CR19690 as to Count II shall begin immediately.
> The sentences imposed in Cause #CR18971 shall begin when the judgment in the sentence imposed in Cause #CR19690 Count II has ceased to operate.

We so reform the trial court's judgments and otherwise affirm the judgments of the courts below.

Delivered: January 9, 2013
Publish

---

[19] *Id. See also Rhodes v. State*, 240 S.W.3d 882, 889 (Tex. Crim. App. 2007) (discussing an appellate court's ability to reform a judgment to delete an illegal cumulation order or impose a cumulation order required by law).



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOs. PD–1678–11, PD–1679–11

### JAMES ALLEN SULLIVAN, Appellant

### v.

### THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE ELEVENTH COURT OF APPEALS
## BROWN COUNTY

MEYERS, J., filed a dissenting opinion.

### DISSENTING OPINION

We granted Appellant's ground for review in this case, which asked, "Did the court of appeals correctly modify the judgment of the trial court by removing only the portion of special findings that improperly cumulated sentences?" The majority determines that the court of appeals did not correctly modify the judgment of the trial court because under the court of appeals's revised order, the sentence for the count involving the 17-year-old victim still runs consecutive to the sentences for the counts

involving one of the other victims. The majority then decides to reform the cumulation order, deleting the sentence for the count involving the 17-year-old victim and stacking the sentences of the two other victims. The majority says:

> We conclude here that only part of the trial judge's cumulation order is illegal—the inclusion of the sentence for the count involving A.S. in the sequence of stacked sentences. If we had any doubt about what the trial judge intended to do, we would remand these cases to him to reform the cumulation order. But it is clear from the oral pronouncement what his intent was. Therefore, in conformity with the trial judge's oral pronouncement and with the law, we reform the cumulation order to delete the sentence for the count involving A.S. from the sequence of stacked sentences and to stack the sentence for the counts involving N.P. upon the sentence for the count involving C.C.

Maj. Op. at *8.

As far as I can tell, we have no authority to reform the trial court's sequence of stacking, and we have not been asked to do so. I would hold that the court of appeals's modification of the trial court's judgment was incorrect and would remand the case to the trial court to permit the trial judge to correct the cumulation order. Therefore, I respectfully dissent.

Meyers, J.

Filed: January 9, 2013
Publish