PD-0213-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/19/2015 3:10:07 PM
Accepted 6/19/2015 3:16:24 PM
ABEL ACOSTA
CLERK

**NO. PD-0213-15**

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**THOMAS LEON BYRD,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

## BRIEF FOR APPELLANT

On Discretionary Review From the
Waco Court of Appeals
Cause No. 10-13-00381-CR

**E. Alan Bennett**
State Bar #02140700
Counsel for Appellant
Sheehy, Lovelace & Mayfield, P.C.
510 N. Valley Mills Dr., Ste. 500
Waco, Texas 76710
Telephone: (254) 772-8022
Telecopier: (254) 772-9297
Email: abennett@slmpc.com

# Identity of Judge, Parties and Counsel

Appellant, pursuant to Rules of Appellate Procedure 38.1(a) and 70.3, provides the following list of the trial court judge, all parties to the trial court's judgment, and the names and addresses of all trial and appellate counsel.

**THE TRIAL COURT:**

Hon. Matt Johnson                                                Trial Court Judge
54th District Court, McLennan County
501 Washington Avenue, Suite 305
Waco, Texas 76701

**THE DEFENSE:**

Thomas Leon Byrd                                                          Appellant

Thomas Clayton West                                              Trial Counsel
4125 West Waco Drive
Waco, Texas 76710

Danny Leon Stokes, Jr.
801 Washington Avenue, Suite 600
Waco, Texas 76701

E. Alan Bennett                                              Appellate Counsel
510 North Valley Mills Drive, Suite 500
Waco, Texas 76710

**THE STATE:**

Landon Wade Ramsay                                        Trial Counsel
Evan Miles O'Donnell
Assistant Criminal District Attorneys

Sterling Alan Harmon                                      Appellate Counsel
Assistant Criminal District Attorney


Abelino Reyna
Criminal District Attorney
McLennan County District Attorney's Office
219 North 6th Street, Suite 200
Waco, Texas  76701

# Table of Contents

Identity of Judge, Parties and Counsel ...............................................................2

Table of Contents ...............................................................................................4

Index of Authorities ...........................................................................................5

Issue Presented ..................................................................................................7

Summary of the Argument...................................................................................7

Argument ...........................................................................................................8

   Whether a trial court may order a sentence to run consecutively with a future parole revocation...............................................................................8

      A. This Court Reviews for an Abuse of Discretion. ..................................9
      B. The State Must Offer Proof of a Prior Sentence. ...................................9
      C. The State Must Also Prove Parole Status...............................................11
      D. A Present Sentence Cannot Be Stacked on a Future Sentence. ..........12
      E. *Jimenez* And Its Progeny Are Inconsistent With Applicable Law. .....13
      F. The Remedy Is to Reform the Judgment by Deleting the Stacking Order. .....................................................................................................17
      G. This Court Should Delete the Stacking Order in Appellant's Case. .17

Prayer ...............................................................................................................19

Certificate of Compliance .................................................................................20

Certificate of Service ........................................................................................20

# Index of Authorities

## Texas Cases

*Banks v. State*, 708 S.W.2d 460 (Tex. Crim. App. 1986)....................................11

*Barela v. State*, 180 S.W.3d 145 (Tex. Crim. App. 2005) ............................ 10, 11

*Beedy v. State*, 250 S.W.3d 107 (Tex. Crim. App. 2008).......................... 9, 17, 18

*Bell v. State*, No. 13-01-00570-CR, 2003 WL 1893266 (Tex. App.—Corpus Christi Apr. 17, 2003, pet. ref'd) (mem. op., not designated for publication) ......................................................................................................................16

*Bollman v. State*, No. 02-08-00061-CR, 2009 WL 161032 (Tex. App.—Fort Worth Jan. 22, 2009, no pet.) (per curiam) (mem. op., not designated for publication) .................................................................................................. 12, 15

*Bullard v. State*, 40 Tex. Crim. 270, 50 S.W. 348 (1899).....................................10

*Carpenter v. State*, 828 S.W.2d 441 (Tex. App.—Austin 1992, no pet.) ...........16

*De La Paz v. State*, 05-06-00963-CR, 2009 WL 3087253 (Tex. App.—Dallas Sept. 29, 2009, no pet.) (mem. op., not designated for publication) .......................16

*Ex parte Kuester*, 21 S.W.3d 264 (Tex. Crim. App. 2000) ..................................14

*Ex parte San Migel*, 973 S.W.2d 310 (Tex. Crim. App. 1998) ...........................11

*Hamm v. State*, 513 S.W.2d 85 (Tex. Crim. App. 1974) .............................. 15, 16

*Jimenez v. State*, 634 S.W.2d 879 (Tex. App.—San Antonio 1982, pet. ref'd)13, 15

*McGown v. State*, No. 10-12-00092-CR, 2013 WL 5494676 (Tex. App.—Waco Sept. 26, 2013, pet. ref'd) (mem. op., not designated for publication) ..........16

*Nicholas v. State*, 56 S.W.3d 760 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) .......................................................................................................................9

*Strahan v. State*, 306 S.W.3d 342 (Tex. App.—Fort Worth 2010, pet. ref'd).....9

*Sullivan v. State*, 387 S.W.3d 649 (Tex. Crim. App. 2013)......................... 17, 18

*Turner v. State*, 733 S.W.2d 218 (Tex. Crim. App. 1987)..................................10

*Wilson v. State*, 854 S.W.2d 270 (Tex. App.—Amarillo 1993, pet. ref'd)........16

## Texas Statutes

Tex. Code Crim. Proc. art. 42.08(a) .............................................................. 10, 14

Tex. Code Crim. Proc. art. 42.08(b) ..................................................................14

## Rules

Tex. R. App. P. 43.2(b)............................................................................... 18, 19

# Issue Presented

Whether a trial court may order a sentence to run consecutively with a future parole revocation.

# Summary of the Argument

The State must prove that the defendant is serving a prior sentence with which his current sentence may be ordered to run consecutively. A trial court cannot order a defendant's sentence to run consecutively with some unspecified future sentence. For the same reason, a trial court cannot order a defendant's sentence to run consecutively with a sentence from which the defendant has been paroled absent evidence that the defendant's parole has been revoked. Otherwise, the trial court is ordering the defendant's sentence to run consecutively with some future parole-revocation sentence that may or may not be imposed.

Here, the trial court ordered Appellant's sentence to run consecutively with a sentence for which he was on parole. Because the State failed to prove that his parole had been revoked, the cumulation order is improper. This Court should reform the judgment to delete the cumulation order.

# Argument

**Whether a trial court may order a sentence to run consecutively with a future parole revocation.**

Texas trial courts unquestionably have discretion to order a defendant's sentence to run consecutively with a prior sentence when otherwise authorized by law. The State must prove up the details of the prior sentence to support such an order. As a matter of law, logic and common sense, however, a trial court cannot order a sentence to run consecutively with a sentence that the defendant is not serving at the time of sentencing. Nor can the trial court order a sentence to run consecutively with a sentence that the State **has failed to prove** the defendant is serving at the time of sentencing. Therefore, when the State seeks to obtain consecutive sentencing with a parole-revocation sentence, the State must offer evidence that the defendant's parole has been revoked. Here, the State failed to do so. Accordingly, the trial court's cumulation order essentially ordered Appellant's sentence to run consecutively with some future (or non-existent) parole revocation. This was improper.

## A. This Court Reviews for an Abuse of Discretion.

The appellate court reviews a cumulation order rendered under Article 42.08(a) of the Code of Criminal Procedure under an abuse-of-discretion standard. *Strahan v. State*, 306 S.W.3d 342, 351 (Tex. App.—Fort Worth 2010, pet. ref'd); *Nicholas v. State*, 56 S.W.3d 760, 764-65 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *see Beedy v. State*, 250 S.W.3d 107, 110 (Tex. Crim. App. 2008). A trial court abuses its discretion if it orders consecutive sentences when consecutive sentences are not authorized by law. *Nicholas*, 56 S.W.3d at 765.

## B. The State Must Offer Proof of a Prior Sentence.

Article 42.08 governs consecutive sentences. Subsection (a) provides in relevant part:

> When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly.

TEX. CODE CRIM. PROC. art. 42.08(a).

The State must prove the particulars of a prior sentence to support a cumulation order under article 42.08.

> We hold that, unless record evidence of former convictions of the defendant is introduced, together with oral evidence of his identity unless the convictions occurred at the same term that the appellant is tried, the court will not be authorized to make the sentence cumulative.

*Turner v. State*, 733 S.W.2d 218, 221 (Tex. Crim. App. 1987) (quoting *Bullard v. State*, 40 Tex. Crim. 270, 50 S.W. 348, 349 (1899)).

As this Court has expressed more recently, "there must be before the court both evidence of the former conviction and evidence that the defendant was the same person previously convicted." *Barela v. State*, 180 S.W.3d 145, 148 (Tex. Crim. App. 2005). Such evidence should include the details of the prior conviction so the trial court may render a proper cumulation order (and one that is supported by the evidence).

A proper cumulation order should contain:

1. The cause number of the prior conviction;

2. The correct name of the court in which the prior conviction occurred;

3. The date of the prior conviction;

4. The term of years assessed for the prior conviction; and

5. The nature of the prior conviction.

*Id.* at 148 n.6 (citing *Banks v. State*, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986)).[1]

This Court's decision in *Barela* essentially identifies the type of evidence the State must offer under *Turner* to support a cumulation order by correlating this evidentiary requirement with the *Banks* requirements for the content of such an order.

C. **The State Must Also Prove Parole Status**.

When the State requests that a sentence begin to run after a sentence for which parole has been revoked, the State should be required to offer evidence of the particulars of the revocation. *Cf. id.* at 148. Thus, Appellant contends that the State should be required to prove the particulars of the original conviction as set out in *Banks* as well as evidence that the defendant's parole has been revoked and the date of revocation. Such a requirement accomplishes two purposes: (1) it establishes that, at the time of

---

[1] While these requirements are not "absolutes," the trial court's cumulation order "should be sufficiently specific to allow the Texas Department of Criminal Justice—Institutional Division (TDCJ—ID), to identify the prior with which the newer conviction is cumulated." *Ex parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998).

sentencing, the defendant is actually serving a prison sentence with which the new sentence can be ordered to run consecutively; and (2) it provides the information necessary for the trial court to render a proper cumulation order.

Here, the State made no effort to offer evidence regarding Appellant's parole status.

**D. A Present Sentence Cannot Be Stacked on a Future Sentence.**

Article 42.08 does not authorize a trial court to order a sentence to run consecutively with a sentence that the defendant may begin serving at some unknown point in the future. *Bollman v. State*, No. 02-08-00061-CR, 2009 WL 161032, at *5 (Tex. App.—Fort Worth Jan. 22, 2009, no pet.) (per curiam) (mem. op., not designated for publication).

In *Bollman*, the trial court ordered the defendant's sentence to run "consecutive to any other sentence [appellant] may receive" in three other pending cases. *Id.* at *2. The Fort Worth Court held that this was improper because the State had not met its burden of proof to support a cumulation order. *Id.* at *5.

For the same reason, when the State fails to prove that a defendant's parole has been revoked, a defendant's sentence cannot be ordered to run consecutively with a parole-revocation sentence that may (or may not) occur in the future.

**E. *Jimenez* And Its Progeny Are Inconsistent With Applicable Law.**

There are a series of intermediate appellate court decisions holding that a trial court may stack a defendant's sentence on one for which the defendant is on parole. These cases all find their genesis in the decision of the San Antonio court in *Jimenez*. For the reasons that follow, *Jimenez* was wrongly decided.

In *Jimenez*, the trial court ordered the defendant's sentence to run consecutively with a sentence for which he was on parole at the time of sentencing. The San Antonio court held that the cumulation order was proper because "[p]arole is essentially a constructive confinement. Release from prison for rehabilitation purposes does not mean release from the operation of the judgment and sentence in that cause." *Jimenez v. State*, 634 S.W.2d 879, 881 (Tex. App.—San Antonio 1982, pet. ref'd). However, this is inconsistent with how this Court has construed Article 42.08.

Article 42.08(a) provides that the second in a series of consecutive sentences begins to run when the prior sentence "has ceased to operate." TEX. CODE CRIM. PROC. art. 42.08(a). Article 42.08(b), which applies when a prisoner commits an offense, requires that the sentence for the offense committed while incarcerated will begin to run "immediately on completion of the sentence for the original offense." *Id.* art. 42.08(b).

This Court has construed the phrases in Subsection (a) ("ceased to operate") and Subsection (b) ("completion of the sentence") to mean the same thing when considering the intersection between parole law and cumulative sentencing. *Ex parte Kuester*, 21 S.W.3d 264, 271 (Tex. Crim. App. 2000).

> Considering the consequences of varying constructions, the legislative history, the meaning of "completion of the sentence" in other statutes, the meaning of "cease to operate" in Art. 42.08(a), the language of Art. 42.08(b), and its placement in the Code, we conclude that the phrase "completion of the sentence" means serving the sentence in full, day-for-day, until discharge, or receiving a vote of approval for parole by a parole panel. Granted, this results in "completion of the sentence" having the same meaning as "cease to operate." But we are persuaded that the use of different phrases in subsections (a) and (b) of Art. 42.08 is insignificant compared to the other considerations in this opinion.

*Id.*

A sentence for which a defendant is on parole "ceased to operate" for purposes of article 42.08(a) when he was released on parole. Therefore, if he commits an offense while on parole and if his parole has not been revoked at the time of sentencing for the subsequent offense, the sentence for the subsequent offense cannot be "stacked" on the sentence for which he has been released on parole because the prior sentence has already "ceased to operate."

And even assuming parole revocation proceedings are pending, his sentence for the subsequent offense cannot be "stacked" on some future parole revocation that may or may not occur. *See Bollman*, 2009 WL 161032, at \*5.

For these reasons, the San Antonio Court's reliance on a theory of "constructive confinement" does not withstand scrutiny because it is contrary to the language of article 42.08(a) as construed by this Court

The San Antonio Court also drew an analogy to this Court's decisions approving the order of consecutive sentences where the prior conviction was being appealed at the time of the subsequent sentencing proceeding. *See Jiminez*, 634 S.W.2d at 882 (citing *Hamm v. State*, 513 S.W.2d 85, 86 (Tex. Crim. App. 1974)). However, *Hamm* and similar decisions represent a different

issue. In those cases, the complaint has been that the prior conviction and sentence were not "final." *See, e.g., Hamm*, 513 S.W.2d at 86; *De la Paz v. State*, 05-06-00963-CR, 2009 WL 3087253, at *5 (Tex. App.—Dallas Sept. 29, 2009, no pet.) (mem. op., not designated for publication). Article 42.08 has no "finality" requirement for consecutive sentences. *Bell v. State*, No. 13-01-00570-CR, 2003 WL 1893266, at *3 (Tex. App.—Corpus Christi Apr. 17, 2003, pet. ref'd) (mem. op., not designated for publication). Thus, *Hamm* and similar decisions have no bearing on the issue presented.

Several other courts have cited *Jimenez* for the proposition that a trial court may stack a sentence on another for which the defendant was on parole. *E.g., McGown v. State*, No. 10-12-00092-CR, 2013 WL 5494676, at *9 (Tex. App.—Waco Sept. 26, 2013, pet. ref'd) (mem. op., not designated for publication); *Wilson v. State*, 854 S.W.2d 270, 273 (Tex. App.—Amarillo 1993, pet. ref'd); *Carpenter v. State*, 828 S.W.2d 441, 442 (Tex. App.—Austin 1992, no pet.). However, none of these courts purported to conduct an independent analysis on this issue. And because *Jimenez* was wrongly decided as explained, these decisions likewise lose their persuasive weight.

## F. The Remedy Is to Reform the Judgment by Deleting the Stacking Order.

When a trial court renders an erroneous cumulation order, the appropriate remedy is to modify the judgment by deleting the cumulation provision(s). *Beedy*, 250 S.W.3d at 113; see TEX. R. APP. P. 43.2(b). This Court has done so quite recently. *Sullivan v. State*, 387 S.W.3d 649, 653 (Tex. Crim. App. 2013).

## G. This Court Should Delete the Stacking Order in Appellant's Case.

The State must prove that the defendant is serving a prior sentence with which his current sentence may be ordered to run consecutively. A trial court cannot order a defendant's sentence to run consecutively with some unspecified future sentence. For the same reason, a trial court cannot order a defendant's sentence to run consecutively with a sentence from which the defendant has been paroled absent evidence that the defendant's parole has been revoked. Otherwise, the trial court is ordering the defendant's sentence to run consecutively with some future parole-revocation sentence that may or may not be imposed.

Here, the State offered no evidence regarding the status of Appellant's parole—not even evidence regarding whether parole revocation

proceedings had been commenced. Regardless, the trial court ordered Appellant's sentence in this case to run consecutively with his prior sentence.

For these reasons, the trial court abused its discretion by ordering consecutive sentences that were not authorized by law.

Accordingly, Appellant asks that the Court reform the judgment of the trial court by deleting the unauthorized cumulation order and affirm the judgment as modified. *See* TEX. R. APP. P. 43.2(b); *Sullivan*, 387 S.W.3d at 653; *Beedy*, 250 S.W.3d at 113.

# Prayer

WHEREFORE, PREMISES CONSIDERED, Appellant Thomas Leon Byrd asks the Court to: (1) reform the judgment of the trial court by deleting the cumulation order and affirm the judgment as modified; and (2) grant such other and further relief to which Appellant may show himself justly entitled.

Respectfully submitted,


*/s/ Alan Bennett*
E. Alan Bennett
SBOT #02140700
Counsel for Appellant

Sheehy, Lovelace & Mayfield, P.C.
510 N. Valley Mills Dr., Ste. 500
Waco, Texas  76710
Telephone:       (254) 772-8022
Fax:        (254) 772-9297
Email:       abennett@slmpc.com

# Certificate of Compliance

The undersigned hereby certifies, pursuant to Rule of Appellate Procedure 9.4(i)(3), that this computer-generated document contains 3,065 words.

_/s/ Alan Bennett_
E. Alan Bennett

# Certificate of Service

The undersigned hereby certifies that a true and correct copy of this brief was served by email on June 19, 2015 to: (1) counsel for the State, Sterling Harmon, sterling.harmon@co.mclennan.tx.us; and (2) the State Prosecuting Attorney, Lisa McMinn, Lisa.McMinn@SPA.texas.gov.

_/s/ Alan Bennett_
E. Alan Bennett