

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

___

No. 07-25-00043-CR

___

LARRY GENE STRICKLAND, II, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR14249, Honorable Bryan T. Bufkin, Presiding

March 11, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

On August 19, 2022, Appellant was adjudicated guilty of possession of methamphetamine in an amount of one gram or more but less than four and sentenced to confinement for ten years.[1] The trial court's cumulation order in the summary portion of the *Judgment Adjudicating Guilt* provides as follows:

> THIS SENTENCE SHALL RUN: consecutive with CR14643 Count 1, CR14643 Count 2, CR14643 Count 3, and CR14643 Count 4.

___

[1] TEX. PENAL CODE § 481.115(c).

Following two remand hearings, we modify the cumulation order and affirm the *Judgment Adjudicating Guilt.*

## PROCEDURAL BACKGROUND

This Court previously held the trial court's cumulation order was invalid for containing less than the recommended elements and reformed Appellant's sentences to run concurrently. *Strickland v. State*, No. 07-22-00294-CR, 2023, Tex. App. LEXIS 6101, at *7 (Tex. App.—Amarillo Aug. 11, 2023) (mem. op., not designation for publication). The Court of Criminal Appeals reversed this Court's decision and held the remand principle should apply as the proper remedy for the trial court to enter a valid cumulation order when the evidence is insufficient to support such an order. *Strickland v. State*, 707 S.W.3d 221, 226 (Tex. Crim. App. 2024). The high Court remanded the case to the trial court noting, "[i]t is appropriate to remand the case to the trial judge so that any judge can obtain the information required to support the cumulation order." *Id.*

On remand the trial court took judicial notice of four prior convictions and again cumulated Appellant's sentences. Appellant appealed the cumulation order and asked this Court for a second time, to review the validity of the trial court's cumulation order. He maintained the trial court never had discretion to judicially notice other alleged records from a different term of court and once that alleged evidence was excluded, the evidence was insufficient to support cumulation. He further asserted if this Court agreed with the Court of Criminal Appeals' decision allowing judicially noticed evidence despite case law to the contrary which has not been expressly overruled, the new rule violates Article I,

Section 10 of the United States Constitution which prohibits ex post facto laws and thus required the cumulation order to be reformed to show concurrent sentences.[2]

Based on the edict from the Court of Criminal Appeals, this Court entered an *Order of Abatement and Remand* directing the trial court to hold a hearing for the State to prove Appellant's prior convictions for cumulation purposes. *Strickland v. State*, No. 07-25-00043-CR, 2025 Tex. App. LEXIS 7550, at *7 (Tex. App.—Amarillo Sept. 29, 2025, order). A second remand hearing was held on October 16, 2025.

At the outset of the hearing, defense counsel clarified his objections to the "new remand rule" created by the Court of Criminal Appeals. He argued the newly-created rule violates the Ex Post Facto Clause of Article I, Section 10 of the United States Constitution. His objections were overruled.

Defense counsel informed the court he had requested discovery a year earlier of "[a]ny and all prior judgments or convictions" which he did not receive until the day before the hearing. He lodged an objection alleging a violation of the Michael Morton Act[3] and the local rules of the 355th District Court which provides for a Standard Discovery Order requiring the district attorney to provide discovery to the defense. The trial court offered defense counsel a continuance on at least two occasions, which he declined due to the length of time the case has been pending. The trial court noted the prior judgments were "publicly available" and overruled the objection.

---

[2] An ex post facto violation occurs when a statute changes the punishment and inflicts greater punishment than the law attached to a criminal offense when committed. *Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994). Generally, a court-created rule cannot violate the Ex Post Facto Clause because it is only directed at the Legislature. *Ex parte Rivers*, 663 S.W.3d 683, 687 (Tex. Crim. App. 2015).

[3] TEX. CODE CRIM. PROC. art. 39.14.

The hearing continued and the trial court admitted Appellant's four prior convictions from cause number CR14643. The State then asked the trial court to take judicial notice of them. The prosecutor asked the trial court to recognize that the information in the four prior convictions matched the information in the underlying conviction in cause number CR14249. The trial court acknowledged the judgments of conviction all contained the same name, date of birth, social security number, and "SID" number and announced, "these are, in fact, the same individual." The prosecutor then requested the sentences in CR14643 and CR14249 be cumulated to which defense counsel again objected.

The prosecutor responded as follows: "we have disclosed these priors as of yesterday, and we have an e-mail submitted into evidence showing that he has received these . . . we've had numerous hearings talking about these priors." The court noted the only unresolved question was whether Appellant is the same individual in the prior convictions.

The trial court made the following announcement:

I will take judicial notice of all of the hearings in this case, CR14249, of all the arguments that have been made, all the evidence that I've heard. Based on everything, I'm going to order that the sentence in CR14249 be cumulated or run consecutively to the sentences in CR14643, meaning that the judgment in CR14249 shall begin when the judgment[s] and sentence[s] imposed in CR14643 [have] ceased to operate. . . .

So just to make it as clear as I can, it's the intention of this Court to cumulate CR14249 or stack it or make it run consecutively to the judgment in each count in CR14643, and when the final count has run in CR14643 and it ceases to operate, then shall begin the sentence imposed in CR14249.

Moments later, the trial court pronounced sentence as follows:

I do hereby pronounce the sentence in CR14249 of ten years in the Institutional Division of the Texas Department of Criminal Justice to run

4

consecutive to, or to be stacked on top of, all the sentences in Counts One through Four on CR14643. Each sentence - - there are four counts. Each sentence is ten years in TDC in CR14643. Each one of them is cumulated or stacked on top of each other, and my pronouncement is that CR14249 would be cumulated or stacked on top of CR14643 and all the sentences therein and it would not begin in CR14249 until the sentences in CR14643 have ceased to operate.

Following the second remand hearing, the parties filed supplemental briefs. Appellant again asserts the cumulation order should be reformed to concurrent sentences. He argues (1) the cumulation order is invalid because the trial court never had discretion to take judicial notice of records from a different term of court without oral testimony connecting him to the prior convictions thus rendering the evidence insufficient and (2) the State did not comply with article 39.14 of the Texas Code of Criminal Procedure known as the Michael Morton Act.[4] We modify the *Judgment Adjudicating Guilt* and affirm.

### ISSUE ONE—CUMULATION OF SENTENCES

Appellant maintains the trial court's cumulation order is once again invalid because it never had discretion to take judicial notice from a different term of court which renders the evidence insufficient to support the order. We agree the trial court could not take judicial notice of matters outside its term of court but disagree the cumulation order is invalid for the following reasons.

As previously recognized by this Court, a trial court has broad discretion to cumulate sentences under article 42.08(a) of the Texas Code of Criminal Procedure. The

---

[4] The appeal was again transferred to this Court from the Second Court of Appeals pursuant to the Texas Supreme Court's docket equalization order. *See* TEX. GOV'T CODE § 73.001.

record must contain some evidence connecting the defendant with the prior conviction to justify cumulative sentences. *Moore v. State*, 371 S.W.3d 221, 226 (Tex. Crim. App. 2012) (citing *Turner v. State*, 733 S.W.2d 218, 221 (Tex. Crim. App. 1987) (setting aside a cumulation order because there was no evidence of conviction from a different trial court and one trial court cannot take judicial notice of a conviction from another trial court)). When the prior conviction is from a different term of court "it is a prerequisite to cumulation of sentences that there be presented to the trial court record evidence of the former conviction and oral testimony identifying the accused as the person so convicted." *Bridges v. State*, 468 S.W.2d 451, 452 (Tex. Crim. App. 1971) (citing *Bullard v. State*, 40 Tex. Crim. 270, 50 S.W. 348, 349 (1899)).

## ANALYSIS

In the second remand hearing ordered by this Court under the *Strickland* decision from the Court of Criminal Appeals, the State had a potential witness in the courtroom to testify as a custodian of records regarding the prior convictions. Defense counsel asked to invoke the rule which the trial court did. He also requested the State's witness be asked to leave because the rule had been invoked, and the trial court instructed her to wait outside.

As the hearing continued, the State never called the custodian of records to testify regarding Appellant four prior convictions from a prior term of court. Nevertheless, the trial court admitted copies of the prior convictions. Those convictions, which are now part of the appellate record, contain the necessary information to support a cumulation order. *See Ward v. State*, 523 S.W.2d 681, 682 (Tex. Crim. App. 2012).

6

Because the four prior convictions from the trial court's prior term of court are now included in the appellate record, this Court has jurisdiction to review those convictions and assure the trial court's cumulation order is supported by sufficient evidence. *See Ex parte Williams*, 704 S.W.2d 773, 789 (Tex. Crim. App. 1986) (Teague, J. dissenting) (en banc) (recognizing that once a judgment of conviction is appealed, an appellate court has jurisdiction and authority either to reverse and remand, affirm, or reform and correct the judgment as the law and nature of the case may require). We conclude that following the trial court's admission of Appellant's prior convictions, the appellate record now contains all the necessary elements for cumulating his sentences. *Alvarez v. State*, No. 02-23-00020-CR, 2023 Tex. App. LEXIS 8171, at *3 (Tex. App.—Fort Worth Oct. 26, 2023, no pet.) (mem. op., not designated for publication) (citing *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986)). The record contains sufficient evidence to support the trial court's cumulation order. Issue one is overruled.

### REFORMATION OF JUDGMENT

On page 3 of the *Judgment Adjudicating Guilt* under the heading "Furthermore, the following special findings or orders apply," we reform the judgment to include the following language:[5]

> The court orders that the ten-year sentence for possession of a controlled substance of one gram or more but less than four grams in Cause Number CR14249 from the 355th District Court of Hood County, Texas, imposed on August 19, 2022, shall run consecutively and shall begin only when the four consecutive ten-year sentences for possession of child pornography in Cause Number CR14643, Counts One, Two, Three, and Four, from the

---

[5] A cumulation order should be sufficiently specific to allow the Texas Department of Criminal Justice to identify the prior convictions with which the new conviction is cumulated. *Ex parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998).

7

355th District Court of Hood County, Texas, imposed on March 9, 2022, shall cease to operate.

This language is consistent with the trial court's oral pronouncement of sentence at the second remand hearing.

**ISSUE TWO—ARTICLE 39.14 KNOWN AS THE MICHAEL MORTON ACT**

Appellant asserts the State violated article 39.14 by failing to produce discovery which he had requested a year earlier and thus requires exclusion of the four prior convictions used to cumulate his sentences.  We disagree.

Article 39.14(a) requires the State, upon timely request from the defendant, to provide the defense with certain discovery materials.  To avoid procedural default of a complaint the State violated article 39.14, a defendant must request a continuance. *Wakefield v. State*, Nos. 02-24-0068-CR, 02-24-00069-CR, 2025 Tex. App. LEXIS 5076, at *4 (Tex. App.—Fort Worth 2025, no pet.) (mem. op., not designated for publication); *State v. Johnson*, No. 02-24-00062-CR, 2024 Tex. App. LEXIS 8838, at *47 n.15 (Tex. App.—Fort Worth Dec. 19, 2024, pet. ref'd) (mem. op., not designated for publication) (citing *Allred v. State*, No. 13-22-00524-CR, 2024 Tex. App. LEXIS 4722, at *15 (Tex. App.—Corpus Christi July 5, 2024, no pet.) (mem. op., not designated for publication) (noting article 39.14 complaint was waived when the appellant affirmatively informed the trial court he was not requesting a continuance).

During the second remand hearing, defense counsel argued the State did not comply with his discovery request for "all prior judgments or convictions" he had filed a year earlier until the day before trial.  The trial court offered him a continuance "for a

8

couple of days" to which he replied, "I don't want a continuance." As the discussion continued, the trial court reminded counsel the requested judgments are "publicly available records" and that he had knowledge of those judgments since the previous remand hearing. Defense counsel insisted the State had an obligation to produce the judgments. The trial court again offered a continuance which defense counsel declined because the case had been pending for so long. Instead, defense counsel requested the prior judgments be excluded which the trial court overruled.

By not requesting a continuance and twice declining offers of a continuance from the trial court, Appellant has waived his complaint. Also, Appellant was aware of the prior judgments from a prior hearing, and they were matters of public record. *Young v. State*, 644 S.W.2d 18, 21 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd) (refusing relief on complaint of denial of the opportunity to inspect prior convictions which were a matter of public record and not in the sole possession of the State). Issue two is overruled.

## CONCLUSION

With the modification of the cumulation order, we affirm the trial court's *Judgment Adjudicating Guilt*.

Alex Yarbrough
Justice

Do not publish.