In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00102-CR**
**NO. 09-20-00103-CR**
**NO. 09-20-00104-CR**
**NO. 09-20-00105-CR**

_____

**ANDREW DAVID NELSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 19-01-01183-CR, 19-01-01184-CR,**
**19-11-15284-CR & 19-11-15285-CR**

_____

**MEMORANDUM OPINION**

A grand jury indicted Appellant Andrew David Nelson on four counts of possession or promotion of child pornography. *See* Tex. Penal Code Ann. § 43.26(a). Nelson pleaded guilty to all four charges. After a trial on punishment, a jury assessed punishment at seven years' imprisonment for each offense. The trial court's

1

judgment ordered that three of the sentences be concurrent and one consecutive. Nelson timely appealed.

Nelson's appointed counsel filed a brief that presents counsel's professional evaluation of the records and concludes the appeals are without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Nelson to file pro se briefs, and Nelson filed pro se briefs.[1]

The Court of Criminal Appeals has held that we need not address the merits of issues raised in *Anders* briefs or pro se responses. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Rather, an appellate court may determine either: (1) "that the appeal is wholly frivolous and issue an opinion explaining that

---

[1] Although an appellate court is not required to do so, "when a court of appeals finds no issues of arguable merit in an *Anders* brief, it may explain why the issues have no arguable merit." *Garner v. State*, 300 S.W.3d 763, 764 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Nelson's pro se briefs lodge three complaints: (1) the trial court violated his right to have the jury assess punishment by making two sentences consecutive where the jury allegedly recommended that all sentences run concurrently; (2) one witness's testimony was "questionable" and more prejudicial than probative; and (3) the consecutive sentences imposed constitute cruel and unusual punishment and there is no evidence the court considered mitigating factors.

A trial court has discretion to cumulate sentences so long as the individual sentences are not elevated beyond their respective statutory maximums. *See Beedy v. State*, 250 S.W.3d 107, 110 (Tex. Crim. App. 2008); *Barrow v. State*, 207 S.W.3d 377, 382 (Tex. Crim. App. 2006). The sentences he received were not elevated beyond the statutory maximums. As to appellant's evidentiary complaint, it is inadequately briefed as it fails to cite to and apply relevant legal authority. *See* Tex. R. App. P. 38.1(i); *Wolfe v. State*, 509 S.W.3d 325, 342-43 (Tex. Crim. App. 2017).

2

it has reviewed the record and finds no reversible error"; or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* We have independently examined and conducted a full examination of all the proceedings, and we have determined that these appeals are wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the appellate records in each case, counsel's briefs, and Appellant's pro se briefs, and we have found nothing that would arguably support the appeals. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeals. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We affirm the trial court's judgments.[2]

AFFIRMED.

_____
LEANNE JOHNSON
Justice

---

[2] Nelson may challenge our decision in these cases by filing petitions for discretionary review. *See* Tex. R. App. P. 68.

Submitted on May 7, 2021
Opinion Delivered May 19, 2021
Do Not Publish

Before Kreger, Horton and Johnson, JJ.